■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. PANARELLA, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered April 26, 1978, upon a verdict convicting defendant of two counts of the crime of criminal possession of a dangerous weapon. On April 23, 1972, FBI agents, aided by the New York State Police, established surveillance over the farmhouse of Alphonse Persico located in Saugerties, Ulster County. The agents had a Federal arrest warrant for Persico. On the morning of April 24, when Persico drove away from his family quarters, he was followed by a Buick automobile operated by defendant with one Antoinette Periotti (also known as April Ballinger) as a front seat passenger and one John Pate séated in the rear. An automobile operated by FBI Agents Tallia and McWeeney then approached and came up behind the Panarella vehicle, and as the FBI vehicle moved left and then pulled along side of it, the defendant was ordered by Agent McWeeney to pull over and stop. At the trial, Agent McWeeney testified that as the Panarella vehicle was edging over towards the right-hand side of the road, he observed that "[defendant] had his left hand on the wheel and then he put his right hand behind the front seat and, in a throwing motion, threw something to the rear of the car". He further recalled that the woman seated in the right front seat made no motion and that he did not see her throw anything under the seat. Agent Tallia also testified that as he maneuvered his car along side of the Panarella vehicle, he too "noticed the driver [defendant]

reach over with his right hand over the back seat". After the occupants were removed from the Panarella vehicle, it is undisputed that the only things which were discovered on the rear seat floor were two fully loaded handguns. Both defendant and Pate were arrested, arraigned and subsequently jointly indicted for criminal possession of the loaded handguns, class D felonies. After this court reversed an order dismissing the indictments upon the ground that they had been denied a speedy trial *(People v Panarella,* 50 AD2d 304), the joint indictment was severed and defendant proceeded to trial alone. The People disclaimed reliance upon the presumption of possession by occupants of an automobile of a firearm found therein but not in the physical possession of any one occupant (Penal Law, § 265.15, subd 3).* At the trial defendant presented the testimony of John Pate, who characterized defendant's arm and hand motion as follows: "April Ballinger was panicked; Charlie [defendant] reached over probably to prevent her from going out the door." April Ballinger was deceased at the time of trial, and the defendant did not testify. Based on Pate's testimony, the defendant contends that the prosecution's evidence was insufficient to exclude to a moral certainty every reasonable hypothesis of innocence. In our view, this case comes under the rule enunciated by the Court of Appeals in *People v Sabella* (35 NY2d 158, 168) where Judge Wachtler stated: "according to the weight of authority, where the circumstantial evidence serves only to corroborate the direct testimony of a single witness, it need not exclude to a moral certainty every hypothesis but guilt (see Ann., Corroboration by circumstantial evidence of testimony of single witness in prosecution for perjury, 111 A. L. R. 825). Since that standard only governs cases where the prosecution relies wholly upon circumstantial evidence to establish the guilt of the accused (Richardson, Evidence [10th ed.], § 418, p. 119) it has no bearing where the circumstantial evidence merely furnishes partial proof of a single element". In the case at bar, the conviction was based partially on direct evidence and partially on circumstantial evidence. Agent McWeeney testified that the defendant threw something into the rear seat of the automobile. This was direct testimony. Since the only objects found in the rear seat by the police were the two handguns, the jury could properly infer that the object thrown by the defendant was a gun. Assuming, *arguendo,* that the conviction rests solely upon circumstantial evidence, the evidence presented by the prosecution was nonetheless sufficient to uphold the conviction. Since the defendant challenges the sufficiency of the circumstantial evidence, the facts and the evidence, as a whole, must be viewed most favorably to the People *(People v Benzinger,* 36 NY2d 29, 32; *People v Cleague,* 22 NY2d 363, 366). It is well settled that where a conviction rests solely upon circumstantial evidence, the facts from which the inference of guilt is drawn must be inconsistent with innocence and must exclude to a moral certainty every other reasonable hypothesis (e.g., *People v Bearden,* 290 NY 478, 480; *People v Cleague, supra,* pp 365-366). However, the Court of Appeals has always accepted circumstantial evidence as a sound basis for adjudication in criminal cases *(People v Wachowicz,* 22 NY2d 369). The test "should not be a substitute for reasoned thought" *(People v Borrero,* 26 NY2d 430, 435), and "In the end, it is a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts" *(People v Wachow-*

---

* The United States Court of Appeals (2d Cir) has recently declared the statutory presumption of subdivision 3 of section 265.15 unconstitutional *(Allen v County Ct., Ulster County,* 568 F2d 998; but see *People v Lemmons,* 40 NY2d 505).

*icz, supra,* p 372). In our view, the testimony of the FBI agents provided a reasonable basis upon which the jury could reliably infer that the defendant threw at least one of the handguns into the rear seat of the car *(People v Davis,* 41 NY2d 678, 679; *People v Ryan,* 41 NY2d 634, 640). The jury could reject Pate's testimony, and considering the totality of the People's evidence, properly find that defendant's guilt was established beyond a reasonable doubt (see *People v Williams,* 43 NY2d 725, 726-727) for, under the facts herein, "common human experience would lead a reasonable man, putting his mind to it, to * * * accept the inferences asserted for the established facts" *(People v Wachowicz, supra,* p 372). One further point deserves consideration. During cross-examination of Agent McWeeney, the defense counsel attempted to elicit that defendant's fingerprints were not found on either of the weapons. In response, the People on their direct case called an expert witness who testified that it was improbable that fingerprints would be found on the weapons. In posing a hypothetical question to this expert witness, the prosecutor had the expert assume that the driver of the vehicle removed a handgun from the waistband of his trousers and then passed it to the rear seat passenger. We reject defendant's contention that there was no evidence in the record to support this hypothesis. A hypothetical question may include facts which are not established beyond all controversy, and each side may formulate the question according to its theory of the case (Richardson, Evidence [10th ed], § 370, p 347). It was perfectly clear that the People's theory was that defendant had removed one of the handguns from his person and then threw it into the rear seat of the car. Furthermore, the question was shaped in direct response to and in the context of defendant's attempt to establish that his fingerprints were not found on the weapons. In our view, therefore, the basis of the question was sufficiently suppported by the evidence which theretofore had been adduced. We have examined defendant's other contentions and find them to be without merit. Judgment affirmed. Greenblott, Kane and Main, JJ., concur.

Mahoney, P. J., and Mikoll, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We cannot agree with the statement of the majority that the judgment of conviction of criminal possession of a dangerous weapon (Penal Law, § 265.05) "was based partially on direct evidence and partially on circumstantial evidence." In our view, the evidence is wholly circumstantial. Defendant Panarella was accused in each count of the indictment of having "in [his] possession a *firearm loaded with ammunition"* (emphasis added). He was not accused of having "something" in his possession. The testimony of Agent McWeeney was merely proof of an event or happening which afforded a basis for a reasonable inference by the jury of the occurence of the fact charged, i.e., that the "something" was a "firearm", as charged in the indictment. This is a classic example of proof by circumstantial evidence. Therefore, in the absence of the statutory presumption (Penal Law, § 265.15, subd 3) guilt can only be established by circumstantial evidence that excludes to a moral certainty every reasonable hypothesis of innocence *(People v Cleague,* 22 NY2d 363). Where, as here, the crime charged in the indictment consists of only a single element, the circumstantial evidence must be of such probative quality that it precludes everything but guilt. In *People v Sabella* (35 NY2d 158, 168), cited by the majority, the court was concerned with the statutory requirement of corroborative proof in the prosecution of a perjury indict-ment. In concluding that such a requirment can be satisfied where circum-stantial evidence furnishes partial proof of a single element of the crime charged, the court took great pains to point out that it was not undermining

the standard of excluding every hypothesis but guilt to a moral certainty in those cases, as here, " 'where the prosecution relies *wholly* upon circumstantial evidence to establish the *guilt* of the accused' " (p 168; citations omitted). (Emphasis added.) In *Sabella (supra),* the circumstantial evidence was tested as to its probative worth to *corroborate* a single element of a crime. Here, like proof must prove *guilt.* Given the standard to be applied, it cannot. Of course, the above discussion of the quality of the circumstantial evidence is anchored to the testimony of Pate who characterized defendant's arm and hand motion as follows: "April Ballinger was panicked; Charlie [defendant] reached over probably to prevent her from going out the door." While this testimony of John Pate, under indictment on the same charges as defendant, is suspect and offers an explanation of defendant's conduct that may be unlikely, it is, nevertheless, rational and consistent with innocence. It cannot be removed from the fact pattern against which the "hypothesis" standard must be weighed by stating that "the jury could reject Pate's testimony" and "properly find that defendant's guilt was established beyond a reasonable doubt [citation omitted]" (majority opn). Such tailoring would result in a digest of the totality of the evidence and be a wholly inadequate backdrop against which to weigh and test the "hypothesis" standard. The test should not be what the jury found, but, rather, what it could have concluded given testimony consistent with the innocence of the accused. We are not dealing with the *reality* of the jury's verdict. Rather, our concern must be with the *hypothesis* raised by the totality of the proof before the case is presented to the veniremen. Here, the testimony of John Pate, who could have exonerated himself by testifying that defendant physically possessed one of the handguns, must be accorded a degree of rationality consistent with a hypothesis of innocence on the part of the defendant *(People v Cleague, supra).* The judgment should be reversed, and the indictment dismissed.