■ ROBERT LIVRERI, Respondent, v STANLEY D. BERLINER, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (LeVine, J.), dated April 15, 1985, which was in favor of the plaintiff and against him, in the principal sum of $95,000, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

The plaintiff's expert's opinion testimony was properly admitted because the assumptions upon which a hypothetical question was based were fairly inferable from the plaintiff's

testimony and the defendant's records *(see, Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414; Richardson, Evidence § 370 [Prince 10th ed]; *see also,* 2 Wigmore, Evidence § 682 [Chadbourn rev 1979]). Inasmuch as the element of proximate causation was established through the testimony of the plaintiff's medical expert, the defendant's contention that the plaintiff failed to establish a prima facie case is without merit *(see, Lipsius v White,* 91 AD2d 271, 277). Despite conflicting testimony from the plaintiff's and the defendant's experts, the resolution of those conflicts was a matter for the jury *(see, Dunaway v Staten Is. Hosp.,* 122 AD2d 775; *Taype v City of New York,* 82 AD2d 648, 650-651).

On these facts, we cannot conclude that the verdict was against the weight of the credible evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.