■ In the Matter of the Estate of THOMAS S. CALLAHAN, Deceased. LJUBICA CALLAHAN, Appellant; CHARLES RODGERS et al., Respondents.—In a probate proceeding, the proponent appeals from a decree of the Surrogate's Court, Suffolk County (Snellenburg, S.), dated August 5, 1988, which, upon a jury verdict and upon denying her motion to set aside the jury verdict and for judgment as a matter of law, found the existence of undue influence in the execution of the will, and denied probate.

Ordered that the decree is affirmed, without costs or disbursements.

Preliminarily, we note that the testimony of an expert witness was properly admitted. His opinions were based on hypothetical questions based on evidence in the record (see, Richardson, Evidence § 370 [Prince 10th ed]; *Livreri v Berlinger,* 123 AD2d 670; *cf., Matter of Swain,* 125 AD2d 574).

With respect to the objectant's claim of undue influence on the part of the proponent, there is no reason to set aside the verdict (see, *Nicastro v Park,* 113 AD2d 129). " '[Undue influence] can be shown by all of the facts and circumstances surrounding the testator [including the] condition of his health and mind, his dependency upon and subjection to the

control of the person supposed to have wielded the influence, the opportunity and disposition of the person to wield it, and the acts and declarations of such person' " *(Matter of Anna,* 248 NY 421, 424, quoting from *Rollwagen v Rollwagen,* 63 NY 504, 519). Here, the testimony at the trial indicated that the testator, approximately 90 years old at the time of the execution of the will, suffered from a number of physical infirmities consistent with a man of his advanced age. Additionally, several witnesses' testimony established that around the time of the execution of the will, the testator was variously described as being "upset", "in space", and a "beaten individual" *(see, e.g., Matter of Evanchuk,* 145 AD2d 559). Finally, there was evidence that the petitioner, who was described as overbearing and who treated the decedent in a condescending manner, significantly limited the time the testator spent with other family members, and did not permit the testator to talk about the will. In light of the foregoing, there were clearly facts on which the jury could have based its verdict. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.