■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY AGARD, Appellant. [606 NYS2d 239] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered February 25, 1991, convicting him of sodomy in the first degree and criminal possession of a

weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the third degree under count 38 of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620, 621, supra; People v Benzinger, 36 NY2d 29, 31). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The complainant testified that on May 6, 1990, the defendant held a gun to her head, threatened to kill her, and beat her in the course of forcing her to have anal intercourse by "forcible compulsion." Later at the emergency room of a hospital, the victim was found to have bruises on her arms and legs, a cut lip, and a black eye so seriously battered that she had hemorrhages in it four to five weeks later, as well as floating spots up to the day of trial. In addition, the defendant admitted to owning a gun, which was recovered by the police (see, Penal Law § 130.00 [8]; see also, People v Thompson, 72 NY2d 410; People v Warren, 186 AD2d 697; People v Gonzalez, 136 AD2d 735; People v Darwin, 132 AD2d 668; People v Porrata, 119 AD2d 704). In any case, the existence of "forcible compulsion" need not be corroborated by medical evidence (see, Penal Law § 130.00 [2]; § 130.50 [1]; People v Bacchi, 186 AD2d 663; People v Toro, 161 AD2d 819).

The trial court erred in not permitting the defendant's expert witness to testify to the likelihood that a victim would have signs of rectal trauma following anal intercourse accomplished by physical force, because the hypothetical question posed to the defendant's expert was based on facts which were "fairly inferable from the evidence," which included indications of physical force as well as threats (see, e.g., Tarlowe v Metropolitan Ski Slopes, 28 NY2d 410, 414; Livreri v Berliner, 123 AD2d 670; People v Panarella, 66 AD2d 968, 970, affd 48 NY2d 783, cert denied 444 US 1079; Richardson, Evidence § 370, at 347 [Prince 10th ed]). However, the error was harmless in view of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230), as well as because

the defendant's expert was permitted to testify that individuals who engaged in voluntary anal intercourse, even using lubricants, frequently suffered from conspicuous rectal trauma.

The trial court did not improvidently exercise its discretion in refusing to permit the complainant to be cross-examined about her prior sexual experiences (see, CPL 60.42; People v Mandel, 48 NY2d 952, cert denied 446 US 949; People v Davis, 43 NY2d 17, cert denied 435 US 998; People v Crawford, 143 AD2d 141; People v Reardon, 141 AD2d 869; People v Rockwell, 97 AD2d 853), or in permitting a defense witness to be cross-examined regarding any admissions the defendant might have made concerning the crime (see, People v Schwartzman, 24 NY2d 241, 244, cert denied 396 US 846; People v Ocasio, 47 NY2d 55; see also, Richardson, Evidence § 212, at 188 [Prince 10th ed]; People v Harris, 148 AD2d 469).

The court also did not err when, several days into deliberations, and with the consent of the defendant's counsel, it permitted certain jurors to be escorted home, under strict supervision by court officers, in order to obtain needed medications and fresh clothing. We note that this off-premises extension of sequestration was permitted only after the court had ascertained that the jurors had no one at home who could supply their needs for them; the absences were as brief as possible, and deliberations were suspended until all jurors were reassembled (see, People v Russell, 179 AD2d 521, 522-523).

However, the jury found the defendant guilty of two counts of criminal possession of a weapon in the third degree for possessing the same gun on May 6, and May 8, 1990, according to the court's charge. Because, under the circumstances here, criminal possession of a weapon in the third degree was a continuing offense for which a defendant may be prosecuted only once, the second of these convictions must be reversed, the sentence imposed thereon vacated, and that count of the indictment dismissed (see, Matter of Johnson v Morgenthau, 69 NY2d 148; cf., People v Okafore, 72 NY2d 81; People v Mabry, 151 AD2d 507).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Ritter and Joy, JJ., concur.