OPINION OF THE COURT
Seymour Rotker, J.
*629 ISSUE PRESENTED
The issue presented in the defendant’s motion is whether the Supreme Court, Queens County, has jurisdiction to order the defendant’s immediate release or, at the very least, grant him bail, notwithstanding the pendency of the People’s petition for rehearing before the United States Court of Appeals, Second Circuit.
PROCEDURAL HISTORY
In order to understand the circumstances of the instant motion, a review of the procedural history of the case is necessary. The defendant, Ray Agard, was convicted on February 25,1991 in the Supreme Court, Queens County, of first degree sodomy and two counts of criminal possession of a weapon in the third degree. He was sentenced to concurrent terms of imprisonment of 10 to 20 years and 3V2 to 7, respectively. On appeal to the Appellate Division, Second Department, one of the weapon possession counts was dismissed and the other was affirmed (People v Agard, 199 AD2d 401 [2d Dept 1993]), and leave to appeal was denied (People v Agard, 83 NY2d 868 [1994]).
The defendant thereafter petitioned for a writ of habeas corpus to the United States District Court, which was denied. He was granted a certificate of probable cause which permitted him to appeal to the Court of Appeals, Second Circuit. That court, in evaluating the writ of habeas corpus, found that the prosecutor’s remarks in summation, that Agard’s presence in the courtroom during the trial enabled him to tailor his testimony to meet the State’s evidence, were harmful constitutional error. As a result, the District Court’s denial of the writ of habeas corpus was reversed and the case was remanded to the District Court with directions to enter a revised judgment, ordering the defendant’s release after he served his sentence on a weapons possession conviction, unless the State retried him within 60 days from the issuance of their mandate, and issued the mandate forthwith.
Consistent with the court’s directions, on July 9, 1997, Judge Raggi, United States District Court, issued an order granting the defendant’s writ. Thereafter, on July 14, 1997, the judgment signed by Judge Raggi was entered and filed. On July 18, 1997, the People filed a petition for rehearing with the Second Circuit, requesting that the court reconsider its decision granting the defendant habeas relief.
The case was returned to State court, and appeared on the calendar of this court for the first time on July 22, 1998, for the *630 defendant to be retried on the sodomy count. The conviction on a weapons possession was upheld, and the defendant has already served his sentence on this count. The case has been pending and adjourned on several occasions, awaiting a decision from the Second Circuit on the petition for rehearing.
The defendant, by motion dated September 17, 1998, requests that this court release the defendant, or set bail, in accordance with the mandate of the Second Circuit, which granted the defendant’s writ of habeas corpus, reversed his conviction, and remanded the case with directions to release the defendant unless the State afforded him a new trial within 60 days.
THE INSTANT MOTION
In support of his position, the defendant argues that since more than 60 days have passed and the People have not retried him, the mandate of the Second Circuit compels his release. Since the mandate issued “forthwith”, the defendant maintains that the Court of Appeals jurisdiction over the instant case terminated on July 3, 1997 and jurisdiction was transferred back to the lower court. He argues that jurisdiction returned to the Supreme Court, and the State maintains jurisdiction, unless and until the mandate is recalled by the Court of Appeals. The defendant asserts, more specifically, that rather than petition for rehearing, the proper procedure would have been for the People to request that the Second Circuit recall their mandate, since the People filed a petition for rehearing after the mandate issued.
The defendant contends that the petition for rehearing does not divest the Supreme Court, Queens County, of jurisdiction because “when a mandate has been issued, it is logically and legally too late to stay it” (Meredith v Fair, 306 F2d 374, 376 [5th Cir 1962], cert denied 371 US 828). Had the Second Circuit been disposed to grant the relief sought in the petition for rehearing, he maintains, the court would have to recall the mandate, but the People have failed to make an application for this relief, nor has the Court of Appeals exercised such power sua sponte.
The People have responded in a memorandum of law and oppose any motion to release the defendant or even the posting of bail. In support of their position, the People argue that by filing a petition for rehearing in the Circuit Court, requesting that the Second Circuit reconsider its ruling, the proceedings are stayed. Their position is that the defendant remains a *631 prisoner sentenced by the court that conducted his trial in State court until the petition is resolved.
In response to the defendant’s motion, the People maintain that their petition for rehearing was properly and timely filed. As such, they argue that pursuant to Federal Rules of Appellate Procedure, rule 41 (a) the filing of their petition stays the mandate until the disposition of the petition. They further maintain that it is not necessary for them to file a petition to recall the mandate. Their position is that the Supreme Court, Queens County, lacks jurisdiction to entertain a bail application, and rather, should await the Second Circuit’s determination of the petition for rehearing, and the defendant’s application for release or bail should be denied in its entirety.
The defendant replied, in a second memorandum of law, to the issues raised by the People in their response, claiming that the People misconstrued their application, and reaffirming their position that the defendant is entitled to release.
In their reply, the defense, in fact, concedes that the People’s petition for rehearing was filed in a timely fashion. Their position, rather, is that the People should have moved for a petition to recall the mandate, and that a petition for rehearing does not revert jurisdiction to the Court of Appeals once a mandate has issued. The defense also concedes that the Court of Appeals has the authority to transfer jurisdiction back to itself once a mandate is issued, but argues that the Court of Appeals has not done so in the instant case, and in the absence of a recall of the mandate by the Court of Appeals, the defendant is entitled to the relief he seeks.
CONCLUSIONS OF LAW
Since the argument of the defense rests on whether the Supreme Court, Queens County, properly has jurisdiction to release or set bail on the defendant, it is necessary to understand the mandate that was issued by the Second Circuit Court. The Second Circuit, finding that the prosecutor’s remarks in summation at the defendant’s trial in 1991, “violated numerous constitutional rights guaranteed to state criminal defendants, and were so prejudicial to Agard as to be considered harmful error”, directed that its mandate issue “forthwith” (Agard v Portuondo, 117 F3d 696, 715 [emphasis added]).
A mandate consists of a collection of documents assembled by the clerk of the court and forwarded to the District Court (Fed Rules App Pro, rule 41 [a]; see also, United States v Rivera, *632 844 F2d 916, 920 [2d Cir 1988]). In the instant case, the Court of Appeals issued its mandate on July 3, 1997, and upon receiving the mandate, the United States District Court then executed a formal order, on July 9, 1997, granting the relief ordered by the Court of Appeals (the release of defendant if not retried in 60 days), and signed a judgment on July 14, 1997.
Essential to a resolution of the issues presented is an understanding of the meaning of when a mandate issues “forthwith”. A petition for habeas corpus relief is an “extraordinary remedy”, and its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which restraints on liberty are neither severe nor immediate (see, Hensley v Municipal Ct., 411 US 345 [1973]). Black’s Law Dictionary (654 [6th ed 1990]) defines forthwith as “[immediately; without delay; directly; within a reasonable time under the circumstances of the case; promptly and with reasonable dispatch” (see also, United States ex rel. Carter v Jennings, 333 F Supp 1392 [1971]).
The Court of Appeals control over a judgment of its court continues until its mandate issues (Alphin v Henson, 552 F2d 1033 [1977]). In Meredith v Fair (306 F2d 374, 376, cert denied 371 US 828, supra) the court held that when a mandate has issued, it is then “logically and legally too late to stay it”. Thus, the Court of Appeals control over the case comes to an end once the mandate issues, and it only regains jurisdiction if it recalls the mandate (supra, at 376), which it may do to avoid an injustice (Calderon v Thompson, 523 US 538, 118 S Ct 1489 [1998]), and which is done only in extraordinary circumstances, and is one of last resort, to be held in reserve against grave, unforeseen contingencies (Calderon v Thompson, 523 US, at —, 118 S Ct, at 1492).
Although not cited by either party, in Johnson v Bechtel Assocs. Professional Corp. (801 F2d 412 [DC Cir 1986]), the court held that when the Court of Appeals orders the immediate issuance of a mandate, the period for petitioning for rehearing is reduced to zero, and appellants’ sole alternative was a motion to recall the mandate. The court reasoned that an immediate mandate is appropriate when the court is satisfied that it “ ‘would not change its decision upon hearing, much less hear the case en banc, and * * * that there is no reasonable likelihood that the Supreme Court would grant review.’ ” (Johnson v Bechtel Assocs. Professional Corp., at 415.) The court further recognized that a mandate should only be recalled upon a showing of good cause, and only exercise it in exceptional circumstances.
*633 It is undisputed that the Court of Appeals has the power to recall a mandate (Sargent v Columbia Forest Prods., 75 F3d 86 [2d Cir 1996]). Such power, however, is to be “ ‘exercised sparingly,’ ” (Sargent v Columbia Forest Prods., 75 F3d, at 89, quoting Greater Boston Tel. Corp. v Federal Communications Commn., 463 F2d 268, 277, cert denied sub nom. WHDH, Inc. v Federal Communications Commn., 406 US 950), and reserved for “exceptional circumstances” (Fine v Bellefonte Underwriters Ins. Co., 758 F2d 50 [2d Cir], cert denied 474 US 826 [1985]). As the court in Sargent explained, “[t]he reason for parsimony in the exercise of our power to recall a mandate is the need to preserve finality in judicial proceedings” (Sargent v Columbia Forest Prods., supra, at 89).
The People, relying on Federal Rules of Appellate Procedure, rule 41 (a), filed a petition for rehearing with the Court of Appeals on July 9, 1997. The defense does not contend that this petition was filed untimely, and this court does not consider the timing of the petition to be untimely either. The issue, rather, is whether the filing of the petition for rehearing properly stays the mandate pursuant to Federal Rules of Appellate Procedure, rule 41 (a), or whether the issuance of the mandate “forthwith” replaced jurisdiction in the State Supreme Court and rendered any stay ineffective. The People have not requested that the Court of Appeals recall the mandate, nor has the Court of Appeals recalled their mandate sua sponte. Nor has it rendered a decision on the merits, delaying the matter for over 15 months.
According to Federal Rules of Appellate Procedure, rule 41 (a), a court mandate normally issues “7 days after the expiration of the time for filing a petition for rehearing unless such a petition is filed or the time is shortened or enlarged by order” and a timely filed petition for rehearing “will stay the mandate until disposition of the petition unless otherwise ordered by the court”. Under Federal Rules of Appellate Procedure, rule 40 (a), a petition for rehearing may be filed “within 14 days after entry of judgement unless the time is shortened or enlarged by order or by local rule” (emphasis added). Clearly, the court can shorten or lengthen the time period for a mandate, and by issuing a mandate “forthwith” the time period is significantly shortened, and the mandate then issues immediately.
Under Federal Rules of Appellate Procedure, rule 40 (a), a petition for rehearing is addressed to the “points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended”. Furthermore, the court will not accept an *634 answer to a petition unless requested by them and “a petition for rehearing will ordinarily not be granted in the absence of such a request” (Fed Rules App Pro, rule 40 [a]). In the instant case, the petition for rehearing was filed on July 18, 1997, and to date, the court has not requested an answer from the defendant.
While the People argue that the petition stays the pendency of the proceedings in State court, the argument fails where a mandate is issued forthwith. The argument of the defendant is not that the petition is untimely, but ineffective. The argument of the People would have succeeded had the mandate not issued forthwith.
In the instant case, the court finds that the mandate did indeed issue on July 3, 1997. The court has reviewed the decision of the Second Circuit Court (a detailed decision consisting of 48 pages), the filings of the clerk of the court, and the history of the proceedings. In addition, the court notes that, in reviewing the order of the District Court dated July 9, 1997, even that order makes reference to the “mandate issued by the Court of Appeals”, as a past event.
Once the mandate issues, it formally marks the end of the appellate jurisdiction and jurisdiction is then reinvested in the court to which the mandate is directed (Johnson v Bechtel Assocs. Professional Corp., 801 F2d 412, 415, supra; see also, United States v Rivera, 844 F2d 916 [2d Cir 1988]). In the instant case, it was returned to State court, and as such, the Supreme Court, Queens County, properly has jurisdiction to proceed.
The court does not find that the proceedings are stayed by the filing of the petition for rehearing. Since the mandate issued forthwith, this court finds that meant it issued immediately. This court maintains jurisdiction in the absence of a recall of the mandate. As such, the defendant’s motion is granted. This court will entertain a bail application on the next court date, for bail or the release of the defendant upon completion of his sentence on the weapons possession, since more than 60 days have passed and the People have not retried the defendant.