■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRUE JACKSON, Appellant. [28 NYS3d 895]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Walsh, J.), rendered September 25, 2012, convicting him of criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the third degree under count six of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was charged, inter alia, with two counts of criminal possession of a weapon in the third degree (counts five and six) (*see* Penal Law § 265.02 [1]) based upon his possession of the same gun at two separate times on the same date. The defendant ultimately pleaded guilty to both counts.

As the People correctly concede, the defendant's conviction of criminal possession of a weapon in the third degree under count six of the indictment and the sentence imposed thereon must be vacated, and that count of the indictment must be dismissed. Under the circumstances, criminal possession of a weapon in the third degree was "a continuing offense and . . . constitutional double jeopardy principles preclude[d] [a] second prosecution" (*Matter of Johnson v Morgenthau*, 69 NY2d 148, 149 [1987]; *see People v Agard*, 199 AD2d 401, 403 [1993]; *cf. People v Okafore*, 72 NY2d 81, 83 [1988]). Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.