■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL McCOLLUM, Appellant. [803 NYS2d 80]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered July 17, 2002, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him to a term of 12 years, unanimously reversed, on the law, the guilty plea vacated and the matter remanded for further proceedings. Appeal from order, same court and Justice, entered on or about November 7, 2003, denying defendant's motion to vacate said judgment of conviction, unanimously dismissed as academic.

Defendant was charged with attempted murder in the second degree and related offenses after he allegedly robbed the victim at gunpoint and then, after a struggle, stabbed the victim repeatedly in the back and chest. Defendant offered to plead guilty to one count of attempted murder in the second degree in full satisfaction of the indictment in exchange for a promised sentence of 12 years. During the plea allocution, defendant, admitting that he tried to rob the victim, claimed to have been drunk at the time and that the victim "jumped" him and pulled a gun on him. When the victim was on top of him, defendant asserted, he took out a knife and, in attempting to get the victim off him, stabbed the victim. At several points in the plea allocution defendant stated that he was not even sure as to how many times he stabbed the victim. In explaining, defendant asserted, "I regret stabbing this guy. I didn't try to kill this man. I didn't want to hurt him as much as I did. That doesn't change the fact that I stabbed him. I deserve to be punished for my actions so I am asking the Court's mercy."

Defense counsel moved to substitute the third count of the indictment, assault in the first degree, as the crime to which defendant would enter the guilty plea. Although the People did not oppose, the Court denied the motion and proceeded to advise defendant that if he wanted, he could proceed to trial, put forth evidence that he was drunk and lacked the necessary intent and have the jury decide whether he intended to kill the victim. The

court reiterated that if the People could not prove defendant's intent to kill beyond a reasonable doubt, he would be acquitted of the attempted murder charge. Defendant stated that he understood but still wished to enter a guilty plea. Defendant was thereafter sentenced to 12 years, as promised.

We reverse the conviction. Defendant's plea allocution failed to elicit facts sufficient to satisfy the intent element of attempted murder in the second degree. In point of fact, defendant denied that he wanted to kill or even hurt the victim. He also claimed to have been drunk at the time, casting further doubt on his intent to kill. While "there is no requirement for a uniform mandatory catechism of pleading defendants" (*People v Fiumefreddo*, 82 NY2d 536, 543 [1993] [citations and internal quotation marks omitted]), defendant's allocution negated the element of intent. In such circumstances, the court's inquiry was insufficient to establish the intent element of attempted murder in the second degree. "[W]here a defendant's factual recitation negates an essential element of the crime pleaded to, the court may not accept the plea without making further inquiry to ensure that defendant understands the nature of the charge and that the plea is intelligently entered" (*People v Lopez*, 71 NY2d 662, 666 [1988]).

Moreover, defendant's allocution suggested that he acted in self-defense. The court failed to make any inquiries as to defendant's suggestion that he acted in self-defense. In such circumstances, taking into account the plea colloquy as a whole, we cannot conclude that defendant's guilty plea was knowingly, voluntarily and intelligently made (*see People v Fiumefreddo, supra*). Concur—Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.