THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN O. JONES, Appellant. [881 NYS2d 782]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered May 26, 2005. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]). The contention of defendant that his guilty plea was not knowing, voluntary and intelligent survives his waiver of the right to appeal (*see People v Seaberg*, 74 NY2d 1, 10 [1989]). Furthermore,

although defendant failed to preserve that contention for our review, we conclude that his statements during the plea colloquy cast significant doubt upon his guilt with respect to the crime of depraved indifference murder, and thus this case falls within the exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]).

The statements of defendant during the plea colloquy established an unintentional killing, during which he waved the gun at the victim and tried to use it as a bludgeon against the victim. Also according to the plea colloquy, during the course of the altercation the gun accidentally discharged and caused the victim's death. We thus conclude that the factual allocution failed to establish that defendant acted with a depraved indifference state of mind (*People v Feingold*, 7 NY3d 288, 296 [2006]). Although defendant entered his guilty plea before the Court of Appeals decided *Feingold*, which definitively stated for the first time that the depraved indifference element of depraved indifference murder is a culpable mental state rather than the circumstances under which the killing is committed (*see id.* at 294), we nevertheless conclude that *Feingold* applies herein inasmuch as this case was pending on direct appeal when *Feingold* was decided (*see People v Jean-Baptiste*, 11 NY3d 539, 542-543 [2008]; *People v Collins*, 45 AD3d 1472, 1473 [2007], *lv denied* 10 NY3d 861 [2008]). We therefore reverse the judgment of conviction, vacate the plea and remit the matter to County Court for further proceedings on the indictment. Present— Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.