# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

220

KA 03-02239

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

EMMANUEL D. LITTLE, DEFENDANT-APPELLANT.

---

KRISTIN F. SPLAIN, CONFLICT DEFENDER, ROCHESTER (KELLEY PROVO OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 25, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction of murder in the second degree (Penal Law § 125.25 [2]) to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on count two of the indictment and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for sentencing on the conviction of manslaughter in the second degree.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]), defendant contends that the evidence is legally insufficient to support the conviction. It is undisputed that defendant killed the victim by firing a single shot at close range on a street in the City of Rochester shortly before midnight. There were no witnesses to the shooting. In confessing to the police that he killed the victim and in his testimony at trial, defendant asserted that he acted in self-defense after the victim, a person previously unknown to him but from whom he had attempted to purchase marihuana, threatened to kill him. A prosecution witness testified, however, that defendant informed him following the murder that he had killed the victim while attempting to take a necklace from him. Regardless of defendant's motive, there was no evidence that anyone other than the victim was endangered. Although defendant was indicted for both intentional and depraved indifference murder, defense counsel moved for a trial order of dismissal at the close of

the People's proof with respect to the depraved indifference murder count, contending that the evidence was legally insufficient to support that charge because "the only evidence adduced in the case is that there was one shot, fired directly at the deceased." The basis for defense counsel's motion is supported by the line of cases, beginning with *People v Hafeez* (100 NY2d 253) and culminating in *People v Suarez* (6 NY3d 202, 208) and *People v Feingold* (7 NY3d 288). As the Court of Appeals stated in *People v Payne* (3 NY3d 266, 272, *rearg denied* 3 NY3d 767), "a one-on-one shooting . . . can almost never qualify as depraved indifference murder." Notably, *Hafeez* was decided by the Court of Appeals on the very day that the presentation of evidence in defendant's trial began.

We initially conclude that, if defendant had not submitted proof at trial, defense counsel's motion for a trial order of dismissal at the close of the People's proof would have been sufficient to preserve for our review defendant's contention that the evidence was legally insufficient to support the depraved indifference murder count (*cf. People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). Defense counsel's motion essentially "anticipat[ed] the change in the law brought by" the *Hafeez/Suarez/Feingold* line of cases (*People v Jean-Baptiste*, 11 NY3d 539, 544). We reject the People's contention that the motion would not have been sufficient to preserve for our review a contention that the evidence was legally insufficient under *Feingold* (7 NY3d at 294), in which the Court of Appeals made it clear that "depraved indifference to human life is a culpable mental state." The Court of Appeals has also expressly stated that "it is incorrect to suggest that an argument under *Suarez* is fundamentally different from one based on *Feingold*" (*People v Taylor*, 15 NY3d 518, 522). Thus, where, as here, a motion for a trial order of dismissal would have been sufficient to preserve for our review a contention that evidence is legally insufficient to support a conviction of depraved indifference murder under *Suarez*, it would also be sufficient to preserve for our review a contention that it is legally insufficient under *Feingold* as well (*see Taylor*, 15 NY3d at 522).

As defendant correctly concedes, however, defendant's challenge to the legal sufficiency of the evidence with respect to the depraved indifference murder count is unpreserved for our review because defense counsel failed to renew his motion for a trial order of dismissal after presenting evidence (*see Hines*, 97 NY2d at 61). Nevertheless, under the circumstances of this case, we exercise our power to address the unpreserved contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]; [6] [a]). Although we acknowledge that the People advance plausible reasons why we should not do so, we cannot agree with the People's reasoning where, as here, a defendant is convicted of a crime that he plainly did not commit (*see generally People v DeCapua*, 37 AD3d 1189, *lv denied* 8 NY3d 893; *People v Packer*, 31 AD3d 1169, *lv denied* 7 NY3d 869).

As set forth above, this was a classic one-on-one shooting involving the potential of harm to only one individual, which the

Court of Appeals made clear in *Payne* and *Suarez* would not support a conviction of depraved indifference murder.  While we agree with the People that the jury could reasonably have concluded that defendant acted recklessly rather than intentionally (*cf. People v Rodriguez*, 43 AD3d 1317, *lv denied* 9 NY3d 1038), the scenario presented herein does not evince the additional mens rea of depraved indifference necessary for a conviction under Penal Law § 125.25 (2) (*see Feingold*, 7 NY3d 294).  Thus, there is legally insufficient evidence of depraved indifference murder in this case under the law set forth by the Court of Appeals in the line of cases from *Hafeez* through *Feingold*.

The People contend that the evidence is legally sufficient to support the conviction under the law in effect at the time of defendant's trial (*see People v Register*, 60 NY2d 270, *cert denied* 466 US 953), and that we must apply that law in assessing the legal sufficiency of the evidence herein.  Even assuming, arguendo, that the definition of depraved indifference murder set forth in *Register* was still the prevailing law at the time of defendant's trial (*cf. Hafeez*, 100 NY2d at 259), we nevertheless reject the People's contention.  As a general rule, a defendant "is entitled to the application of current principles of substantive law upon his direct appeal from the judgment of conviction" (*People v Collins*, 45 AD3d 1472, 1473, *lv denied* 10 NY3d 861, citing *Policano v Herbert*, 7 NY3d 588, 603-604).  In *People v Jones* (64 AD3d 1158, 1159, *lv denied* 13 NY3d 860), we applied that general rule in a case involving the legal sufficiency of the evidence of depraved indifference murder.  The People contend that, by stating in *Jean-Baptiste* (11 NY3d at 542) that *Feingold* "should apply to cases brought on direct appeal in which the defendant has adequately challenged the sufficiency of the proof as to his depraved indifference murder conviction," the Court of Appeals was implicitly stating that *Feingold* applies only in such circumstances, i.e., where the sufficiency of the proof was adequately challenged to preserve the issue for review by an appellate court.  We reject that contention. We do not interpret that statement in *Jean-Baptiste* to mean that the general rule concerning the law to be applied on direct appeals does not apply in cases in which we review a defendant's contention concerning the legal sufficiency of the evidence as a matter of discretion in the interest of justice.

The review of the legal sufficiency of the evidence in *Jean-Baptiste* was on the law, inasmuch as defendant's challenge to the legal sufficiency of the evidence was preserved for appellate review. The Court's statement in *Jean-Baptiste* (11 NY3d at 542) that the proof had been "adequately challenged" was made in response to the People's contention that, under cases such as *People v Dekle* (56 NY2d 835), the defendant had not objected to the jury charge and thus the legal sufficiency of the evidence had to be assessed in terms of the charge, which reflected the law in effect at the time of the defendant's trial.  In rejecting the People's contention, the Court in *Jean-Baptiste* concluded that, in cases in which a defendant preserved the legal sufficiency issue by a motion for a trial order of dismissal, "defense counsel did not additionally have to take an exception to the court's depraved indifference murder charge" (*id.* at 544).  We do not

interpret the Court's statement as applying to cases in which we choose to exercise our authority to review an issue as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  In the absence of an express directive from the Court of Appeals to the contrary, we decline to adopt the sweeping new rule proposed by the People and thereby to depart from our established practice.  Indeed, we note that, in *Jones* (64 AD3d at 1159), we implicitly rejected the contention now raised by the People.  *Jones* was decided after *Jean-Baptiste*, yet we applied the current law of depraved indifference murder on defendant's appeal even though the issue had not been preserved by a motion for a trial order of dismissal.

While we conclude that the evidence is legally insufficient to support the conviction of depraved indifference murder, we further conclude that the evidence is legally sufficient to support the lesser included offense of manslaughter in the second degree because the evidence unequivocally establishes that defendant recklessly caused the victim's death (Penal Law § 125.15 [1]; *see People v Bolling*, 49 AD3d 1330).  We therefore modify the judgment by reducing the conviction of murder in the second degree to manslaughter in the second degree (§ 125.15) and vacating the sentence imposed on count two of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on that conviction (*see* CPL 470.20 [4]).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court