# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

510

KA 09-01107

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL MOX, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (WILLIAM T. EASTON OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (ELIZABETH CLIFFORD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 18, 2008. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the law, the plea is vacated and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: Defendant was indicted for the crime of murder in the second degree (Penal Law § 125.25 [1]), and he now appeals from a judgment convicting him upon his plea of guilty of the lesser included offense of manslaughter in the first degree (§ 125.20 [2]). "Although the contention of defendant that his plea was not knowingly, intelligently and voluntarily entered survives his valid waiver of the right to appeal, defendant failed to preserve that contention for our review by failing to move to withdraw the plea or to vacate the judgment of conviction on the ground[] now raised" (*People v VanDeViver*, 56 AD3d 1118, 1118, *lv denied* 11 NY3d 931, 12 NY3d 788; *see People v McKeon*, 78 AD3d 1617, 1618; *People v Johnson*, 60 AD3d 1496, *lv denied* 12 NY3d 926). We agree with defendant, however, that this is one of those rare cases in which preservation is not required because "the defendant's recitation of the facts underlying the crime pleaded to clearly cast[] significant doubt upon the defendant's guilt or otherwise call[ed] into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666). County Court therefore had a "duty to inquire further to ensure that defendant's guilty plea [was] knowing and voluntary" (*id*.), and we conclude that the court failed to fulfill that duty. "[A]t a minimum the record of the . . . plea proceedings must reflect . . . that defendant's responses to the court's subsequent questions removed the doubt about defendant's guilt" (*People v Ocasio*, 265 AD2d 675, 678). Here, defendant's plea

allocution did not remove such doubt with respect to the intent element of manslaughter in the first degree (§ 125.20 [2]; *see People v McCollum*, 23 AD3d 199). Indeed, defendant's plea allocution suggested that his underlying schizoaffective disorder, for which he was unmedicated, caused him to be in a "psychotic state" at the time of the crime. Thus, defendant's plea allocution in fact negated the element of intent, and the court should not have "accept[ed] the plea without making further inquiry to ensure that defendant [understood] the nature of the charge and that the plea [was] intelligently entered" (*Lopez*, 71 NY2d at 666).

Based on our decision, we see no need to address defendant's remaining contentions.

All concur except SMITH, J., who dissents and votes to affirm in the following Memorandum: I respectfully dissent. Even assuming, arguendo, that the majority is correct that this is one of those rare cases for which preservation is not required (*see People v Lopez*, 71 NY2d 662, 666), I nevertheless conclude that County Court conducted a sufficient inquiry to ensure that defendant's plea was entered knowingly and voluntarily, and that defendant's statements during the plea colloquy established all of the elements of the crime to which he pleaded guilty (*see id.*).

As noted by the majority, defendant pleaded guilty to manslaughter in the first degree as a lesser included offense of the crime of murder in the second degree, as charged in the indictment. It is well settled that, in pleading guilty to manslaughter pursuant to Penal Law § 125.20 (2), a defendant must admit that he or she intentionally caused the death of the victim but did so under circumstances demonstrating that he or she was acting under the influence of an extreme emotional disturbance for which there was a reasonable explanation or excuse (*see id.*; § 125.25 [1] [a]). Here, the plea colloquy established all of the elements of the crime of manslaughter in the first degree under that subdivision, inasmuch as defendant admitted during the plea colloquy that he caused the death of the victim, his 80-year-old father, by repeatedly stabbing him and bludgeoning him. Defendant's contention with respect to the alleged insufficiency of the plea colloquy is that County Court failed to make a sufficient inquiry into the defense of not guilty by reason of insanity after defendant made statements indicating that he had stopped taking his medication and was in a psychotic state at the time of the killing. The record establishes, however, that after making those statements, both defendant and his attorney unequivocally waived the defense of not guilty by reason of mental disease or defect. In addition, defendant was evaluated with respect to that defense by a psychiatrist on defendant's behalf, who opined that defendant suffered from chronic schizoaffective disorder with acute exacerbation, i.e., a mental disease or defect that impaired his reason to the point that he did not know the nature and quality of his actions. He was also evaluated by a psychiatrist on behalf of the People, who essentially agreed with the diagnosis of the defense psychiatrist but opined that defendant did in fact understand the nature and quality of his acts. After months of discussion between defense counsel, the prosecutor and

the court, the plea offer to the lesser charge of manslaughter was made.  Thus, the record unequivocally establishes that the defense of not guilty by reason of insanity was fully explored by the court and counsel, and that defendant and his attorney waived that defense. Inasmuch as "defendant was competent to stand trial, he was likewise competent to make decisions regarding his defense" (*People v Ciborowski*, 302 AD2d 620, 622, *lv denied* 100 NY2d 579), and the court therefore properly accepted defendant's waiver of that defense (*see People v Boatwright*, 293 AD2d 286, *lv denied* 98 NY2d 673; *People v Saletnik*, 285 AD2d 665, 667; *People v Rogers*, 163 AD2d 337, *lv denied* 76 NY2d 943).  In my view, no further inquiry was necessary under these circumstances.