[957 NE2d 265, 932 NYS2d 775]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NADIRAH BROWN, Appellant.

Argued September 8, 2011; decided October 13, 2011

**APPEARANCES OF COUNSEL**

*Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Susan C. Ministero, Barbara J. Davies* and *David C. Schopp* of counsel), for appellant.

*Frank A. Sedita, III, District Attorney*, Buffalo (*Matthew B. Powers* and *Donna A. Milling* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be modified by reducing defendant's conviction for reckless assault in the second degree (Penal Law § 120.05 [4]) to criminally negligent assault in the third degree (Penal Law § 120.00 [3]), and by remitting to the Appellate Division for further proceedings in accordance with this memorandum, and as so modified, affirmed.

On August 12, 2007, defendant's then 15-year-old nephew, Antoine S., and his younger sister were at defendant's home, where they often spent the night. On that particular evening, the three of them were inside defendant's kitchen heating water on the stove top in order to prepare a hot bath for defendant's husband. At some point, Antoine began to engage in horseplay, splashing defendant and his sister with water from the sink. Defendant, in turn, spattered her nephew with water and, according to Antoine and his sister, noted that she was the "queen of pranks." Antoine then left the kitchen to watch television in a different room. Shortly thereafter, defendant

retrieved a pot of water that had been placed on the stove and poured the water onto Antoine. When the water made contact with Antoine, his skin started to bubble. Defendant applied a topical cream onto Antoine's skin in an effort to alleviate his pain. Defendant contacted Antoine's mother and accompanied him and his mother to the hospital. Antoine sustained first- and second-degree burns as a result of this incident.

Following a nonjury trial, County Court acquitted defendant of intentional assault in the first degree (Penal Law § 120.10 [1]), but convicted her of second-degree reckless assault and endangering the welfare of a child (Penal Law § 260.10 [1]). On appeal, defendant argues that the evidence was legally insufficient to support her conviction for reckless assault. Defendant also maintains that the Appellate Division failed to conduct a weight of the evidence review pursuant to CPL 470.15 (5).* Finally, defendant contends that she was denied effective assistance of counsel.

■ "A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 349 [2007] [internal quotation marks omitted]). Applying this standard, we conclude that the People failed to prove beyond a reasonable doubt that defendant acted recklessly. Penal Law § 15.05 (3) provides that

> "[a] person acts recklessly with respect to a result . . . when [s]he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur . . . The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."

While there is record support for a finding that defendant here acted with criminal negligence when she lifted the pot of water from the stove and poured it over Antoine, the evidence does not support County Court's conclusion that defendant was "aware of" and "consciously disregard[ed]" a known risk that her behavior would cause Antoine's skin to burn.

---

* CPL 470.15 (5) provides that "[t]he kinds of determinations of reversal or modification deemed to be on the facts include, but are not limited to, a determination that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence."

■ Although we have reduced defendant's conviction to third-degree assault on legal sufficiency grounds, defendant is entitled to a weight of the evidence review by the Appellate Division (*see People v Bleakley*, 69 NY2d 490, 496 [1987]). Indeed, the People concede that, in this case, since defendant argued weight of the evidence at the Appellate Division and the order of that court " 'manifest[s] a lack of application of that review power' . . . we must reverse and remit for a proper assessment of the weight of the evidence" (*People v Romero*, 7 NY3d 633, 646 [2006], quoting *Bleakley*, 69 NY2d at 496).

We have considered defendant's ineffective assistance of counsel claim and conclude, so far as the record before us permits review, that "viewed in totality and as of the time of the representation, [counsel] provided meaningful representation" (*People v Benevento*, 91 NY2d 708, 712 [1998]). To the extent that defendant raises arguments concerning counsel's representation that are outside the record, the proper vehicle for such arguments is a CPL 440.10 motion.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order modified, etc.