◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KHALIL HAKIM-PETERS, Respondent. [937 NYS2d 759]—

Kavanagh, J.

Further, we find that the evidence introduced at trial was legally insufficient to support a finding that defendant acted with depraved indifference during the altercation with his son, and Supreme Court's decision granting defendant's motion to modify the verdict should be affirmed. " 'A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (*People v Brown*, 17 NY3d 863, 865 [2011], quoting *People v Danielson*, 9 NY3d at 349). Both charges—assault in the first degree and reckless endangerment in the first degree—require that it be proven that defendant, "[u]nder circumstances evincing a depraved indifference to human life, . . . recklessly engage[d] in conduct which create[d] a grave risk of death to [his son]" (Penal Law § 120.10 [3]; § 120.25; *see People v Lewie*, 17 NY3d 348, 358 [2011]; *People v Battles*, 16 NY3d 54, 58 [2010], *cert denied* 565 US —, 132 S Ct 123 [2011]; *People v Valencia*, 14 NY3d 927, 928 [2010]). Depraved indifference is defined as a state of mind in which defendant, by his actions, demonstrates " 'an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not' " (*People v Feingold*, 7 NY3d 288, 296 [2006], quoting *People v Suarez*, 6 NY3d 202, 214 [2005]). It embodies conduct "so wanton, so deficient in a moral sense of concern, so devoid of regard of the

life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon a person who" intends the particular result (*People v Suarez*, 6 NY3d at 211 [internal quotation marks and citations omitted]; *see People v Prindle*, 16 NY3d 768, 770 [2011]; *People v Taylor*, 15 NY3d 518, 523 [2010]; *People v Feingold*, 7 NY3d at 301 [Kaye, Ch. J., dissenting]; *People v McLain*, 80 AD3d 992, 997 [2011], *lv denied* 16 NY3d 897 [2011]).

Initially, we note that one-on-one altercations rarely will support a finding of depraved indifference (*see People v Taylor*, 15 NY3d at 522), and it is "even rarer when the other person is one's own child" (*People v Lewie*, 17 NY3d at 359). Here, the evidence at trial established that defendant, a devout Muslim, was at home with his children when he had a verbal altercation with his 12-year-old son that resulted in him shoving the boy and, in his own words, "popping" the child. Both individuals briefly left the room, but returned shortly thereafter as the family gathered for evening prayers. At that time, the son voiced objections to the family lifestyle and announced that he wanted to smoke and drink like his friends and join a youth gang. Defendant erupted, "snatched" the boy and threw him to the ground. The other children present testified to seeing defendant grab the boy near the neck, throw him to the ground and then, during a brief altercation, strike his head against the carpeted floor as many as five times. One child recalled hearing the boy plead with defendant to stop, and all the children testified that defendant, once he realized his son was unconscious, attempted to revive him and provide first aid. One child, who was eight years old at the time of the incident, testified that defendant at first left the room while the boy lay on the floor, but recalled that he returned as soon as he realized the boy was unconscious and immediately told the children to call 911.

There is no doubt that the injuries sustained by defendant's son in this altercation were serious and life-threatening. However, in our view, defendant's conduct did not rise to the level of " 'wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target' " (*People v McLain*, 80 AD3d 992, 997 [2011], *lv denied* 16 NY3d 897 [2011], quoting *People v Suarez*, 6 NY3d 202, 213 [2005]). While defendant's conduct in slamming his son's head onto the carpeted floor as many as five times in rapid succession was deplorable, we agree with Supreme Court's conclusion that his behavior did not constitute the type of prolonged torturous conduct necessary to support a finding of depraved indifference.

Accordingly, Supreme Court's order modifying the verdict should in all respects be affirmed.

Mercure, A.P.J., Lahtinen, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed. **[Prior Case History: 30 Misc 3d 210.]**