# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**688**

**KA 04-02820**

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

KELVIN ROBINSON, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered November 3, 2004. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated and the matter is remitted to Niagara County Court for further proceedings on the indictment.

Memorandum: We previously granted defendant's motion for a writ of error coram nobis (*People v Robinson*, 98 AD3d 1324). We therefore review, de novo, defendant's appeal from a judgment convicting him, upon his plea of guilty in 2004, of depraved indifference murder (Penal Law § 125.25 [2]) in connection with the stabbing death of his wife.

Defendant's contention that his plea was not knowing and voluntary survives his waiver of the right to appeal (*see People v Seaburg*, 74 NY2d 1, 10). Preservation of the contention is not required inasmuch as defendant correctly contends that his statements during the plea colloquy cast significant doubt upon his guilt (*see People v Mox*, 84 AD3d 1723, 1724, *affd* 20 NY3d 936). Defendant stated that he struggled with his wife for control of the knife and that he acted recklessly when he stabbed her, and thus his statements suggest that he did not act with the requisite "depraved indifference state of mind" (*People v Jones*, 64 AD3d 1158, 1159, *lv denied* 13 NY3d 860). Indeed, it is well established that a "one-on-one . . . knifing . . . can almost never qualify as depraved indifference murder" (*People v Payne*, 3 NY3d 266, 272, *rearg denied* 3 NY3d 767; *see People v Suarez*, 6 NY3d 202, 211-212). We therefore conclude that County Court erred by accepting the plea without further inquiry to ensure that

defendant's plea was knowing and voluntary (*see Mox*, 84 AD3d at 1724). We note that, "[a]lthough defendant entered his guilty plea before the Court of Appeals decided [*People v*] *Feingold* [(7 NY3d 288, 296)], which definitively stated for the first time that the depraved indifference element of depraved indifference murder is a culpable mental state rather than the circumstances under which the killing is committed . . . , we nevertheless conclude that *Feingold* applies herein" inasmuch as defendant's direct appeal in *People v Robinson* (41 AD3d 1314, *lv denied* 9 NY3d 880) was pending when *Feingold* was decided (*Jones*, 64 AD3d at 1159). We therefore reverse the judgment of conviction, vacate the plea and remit the matter to County Court for further proceedings on the indictment.

Entered:  June 14, 2013                          Frances E. Cafarell
                                                 Clerk of the Court