# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**271**
**KA 11-01844**
PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

EMMANUEL D. LITTLE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a sentence of the Monroe County Court (James J. Piampiano, J.), rendered June 23, 2011. Defendant was sentenced upon his conviction of manslaughter in the second degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant was convicted following a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]), criminal possession of a weapon in the second degree (§ 265.03 [former 1]), and criminal possession of a weapon in the third degree (§ 265.02 [former 4]). County Court sentenced defendant to an indeterminate term of imprisonment of 20 years to life for the murder conviction, and to determinate terms of imprisonment for the weapons offenses. On a prior appeal, we modified the judgment by reducing the murder conviction to manslaughter in the second degree (§ 125.15 [1]) and vacating the sentence imposed on that count of the indictment, and we remitted the matter to County Court for sentencing on the reduced count (*People v Little*, 83 AD3d 1389). Upon remittal, the court sentenced defendant to an indeterminate term of imprisonment of 5 to 15 years for manslaughter in the second degree.

Defendant now contends that the court erred in failing to determine whether he should be adjudicated a youthful offender. We agree (*see People v Rudolph*, 21 NY3d 497, 501). It is true, as the People note, that the weapons offenses of which defendant was convicted are "armed" felonies for purposes of the youthful offender statute (CPL 720.10 [2] [a; *see* CPL 1.20 [41]), and that defendant, who was the sole participant in the crimes, is thus "eligible to be adjudicated a youthful offender only if the court determined that there were 'mitigating circumstances that bear directly upon the manner in which the crime[s were] committed' " (*People v Lugo*, 87 AD3d

1403, 1405, *lv denied* 18 NY3d 860, quoting CPL 720.10 [3]).  When defendant was initially sentenced on the weapons offenses, however, he also stood convicted of murder in the second degree, a class A-I felony, which rendered him ineligible for youthful offender status. He therefore had no reason to request youthful offender status at that time.  Once the murder conviction was vacated and the matter was remitted for sentencing on the reduced count, defendant requested youthful offender treatment and the court, in sentencing him as an adult on the manslaughter conviction, failed to rule on his request. We therefore hold the case, reserve decision and remit the matter to County Court to determine whether defendant is "eligible" for youthful offender treatment despite his conviction of the armed felony offenses and, if so, whether he should be afforded such treatment.

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court