People v Parris (2019 NY Slip Op 04828)





People v Parris


2019 NY Slip Op 04828


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


342 KA 03-00547

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTOINE PARRIS, ALSO KNOWN AS ANTOINE LENOIR PARRIS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered February 27, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of murder in the second degree and dismissing count three of the indictment, and as modified the judgment is affirmed and the matter is remitted to Supreme Court, Monroe County, for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]). Defendant was acquitted of several other charges, including felony murder in the first and second degrees (§§ 125.27 [1] [a] [vii]; [b]; 125.25 [3]) and intentional murder in the second degree (§ 125.25 [1]). On a prior appeal, we affirmed that judgment (People v Parris, 30 AD3d 1108 [4th Dept 2006], lv denied 7 NY3d 816 [2006]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., whether defendant's conviction of depraved indifference murder was supported by legally sufficient evidence (People v Parris, 153 AD3d 1673, 1673-1674 [4th Dept 2017]). Upon reviewing the appeal de novo, we conclude that the part of the judgment convicting defendant of depraved indifference murder must be reversed and that count of the indictment must be dismissed, and we therefore modify the judgment accordingly.
Viewing the evidence in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), we conclude that the evidence establishes that defendant accosted decedent, who was leaving a grocery store. Defendant, who told police investigators he had been informed that decedent had been sent by another man to injure defendant, confronted decedent, grabbed him by either his clothing or by a gold necklace that he was wearing, and dragged him across the street. A friend of decedent's attempted to intervene at some point, at which time defendant displayed a weapon and attempted to shoot the friend, but the gun did not fire. Defendant struck decedent in the face with the handgun, and decedent's friend ran to his car and drove it toward the location where defendant was with decedent. Defendant then fired the weapon approximately eight times. At least six of those shots hit decedent, including two shots that entered his back, and two shots hit the car that decedent's friend was driving.
Initially, we reject the People's contention that defendant failed to preserve his current contention for our review (see People v Payne, 3 NY3d 266, 273 [2004], rearg denied 3 NY3d 767 [2004]; see generally Policano v Herbert, 7 NY3d 588, 598 [2006]; People v Gonzalez, 1 [*2]NY3d 464, 466 [2004]). In his motion for a trial order of dismissal with respect to the count of depraved indifference murder, defense counsel argued that defendant's "conduct was intentional or it was nothing at all. If this isn't intentional I don't know what is." Thus, the issue raised on this de novo appeal was presented to Supreme Court and is therefore preserved for our review.
Next, although defendant was convicted before the Court of Appeals decided People v Feingold (7 NY3d 288, 296 [2006]), which definitively stated for the first time that the depraved indifference element of depraved indifference murder is a culpable mental state rather than the circumstances under which the killing is committed, the People correctly concede that the Feingold standard applies to this appeal inasmuch as defendant's direct appeal was pending when Feingold was decided (see People v Robinson, 107 AD3d 1582, 1583 [4th Dept 2013]; see also People v Wilkins, 126 AD3d 1293, 1294-1295 [4th Dept 2015]).
Pursuant to the standard set forth in Feingold, it is now well settled that "depraved indifference . . . is best understood as an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not' " (People v Heidgen, 22 NY3d 259, 274 [2013], cert denied ——— US ——&mdash, 135 S Ct 873 [2014], quoting Feingold, 7 NY3d at 296). The Court of Appeals has repeatedly stated that depraved indifference murder does not apply where the defendant commits "a quintessentially intentional attack directed solely at the victim" (People v Hafeez, 100 NY2d 253, 258 [2003]; see Gonzalez, 1 NY3d at 469; see generally People v Martinez, 20 NY3d 971, 972 [2012]). The Court of Appeals has also repeatedly "underscor[ed] that the use of a weapon can never result in depraved indifference murder when . . . there is a manifest intent to kill' " (People v Suarez, 6 NY3d 202, 208 [2005], quoting Payne, 3 NY3d at 271). "That is so because a manifest intent to kill necessarily negates a reckless indifference to the victim's life" (People v Wilson, 32 NY3d 1, 11 [2018]). Thus, where, as here, the evidence establishes that "defendant's conscious objective is to cause death, the depravity of the circumstances under which the intentional homicide is committed is simply irrelevant. Nor can the wanton disregard for human life inherent in every intentional homicide convert such a killing into a reckless one" (Gonzalez, 1 NY3d at 468). Inasmuch as the evidence unequivocally establishes that defendant intended to kill the victim, it is insufficient to support the conviction of depraved indifference murder (see Martinez, 20 NY3d at 972; cf. People v Campbell, 33 AD3d 716, 719 [2d Dept 2006], lv denied 8 NY3d 879 [2007]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court