People v Williams (2020 NY Slip Op 04092)





People v Williams


2020 NY Slip Op 04092


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


725 KA 18-02443

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
COURTNEY A. WILLIAMS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Richard C. Kloch, Sr., A.J.), rendered April 27, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). We agree with defendant that County Court erred in failing to determine whether he should be afforded youthful offender status. Pursuant to CPL 720.10 (2) (a) (ii) and (3), because defendant was convicted of an armed felony offense (see CPL 1.20 [41]), he is ineligible for a youthful offender adjudication unless the court determines that one of two mitigating factors is present. "If the court, in its discretion, determines that neither of the CPL 720.10 (3) factors is present and states the reasons for that determination on the record, then no further determination is required" (People v Gonzalez, 171 AD3d 1502, 1503 [4th Dept 2019]; see People v Middlebrooks, 25 NY3d 516, 527 [2015]). "If, on the other hand, the court determines that one or more of those factors are present, and therefore defendant is an eligible youth, the court then must determine whether he is a youthful offender" (Gonzalez, 171 AD3d at 1503). As the People correctly concede, the court failed to follow the procedure set forth in Middlebrooks. We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record a determination whether defendant is an eligible youth within the meaning of CPL 720.10 (3) and, if so, whether defendant should be afforded youthful offender status (see People v
Little, 126 AD3d 1478, 1479 [4th Dept 2015]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court