People v Hahn (2022 NY Slip Op 06616)

People v Hahn

2022 NY Slip Op 06616

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

893 KA 17-02230

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LEONARD E. HAHN, IV, DEFENDANT-APPELLANT. 

NORMAN P. EFFMAN, PUBLIC DEFENDER, WARSAW (FARES A. RUMI OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO, NEW YORK PROSECUTORS TRAINING INSTITUTE, INC., ALBANY (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered May 15, 2017. The judgment convicted defendant upon his plea of guilty of rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [3]), defendant contends that County Court erred in failing to determine on the record whether he should be afforded youthful offender status. We reject that contention. Pursuant to CPL 720.10 (2) (a) (iii), a youth who is convicted of, inter alia, rape in the first degree is ineligible for a youthful offender adjudication unless the court concludes that there are "mitigating circumstances that bear directly upon the manner in which the crime was committed" or, "where defendant was not the sole participant in the crime, [that] the defendant's participation was relatively minor" (CPL 720.10 [3]). Contrary to defendant's contention, the record establishes that the court properly recognized that defendant, who was 17 years old at the time of the commission of the crime, was eligible for youthful offender treatment if he met "either or both of the criteria provided in CPL 720.10 (3)" (People v Middlebrooks, 25 NY3d 516, 526 [2015]). The court offered defense counsel and defendant an opportunity to set forth any mitigating factors, but both declined (see People v Pulvino, 115 AD3d 1220, 1223 [4th Dept 2014], lv denied 23 NY3d 1024 [2014]). The court then properly placed its determination on the record that defendant was not eligible for youthful offender status because he was the sole participant in the crime and there were no mitigating factors bearing directly on the manner in which the crime was committed (cf. People v Williams, 185 AD3d 1456, 1457 [4th Dept 2020]; see generally Middlebrooks, 25 NY3d at 526-527; People v Carlson, 184 AD3d 1139, 1143 [4th Dept 2020], lv denied 35 NY3d 1064 [2020]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court