People v Stewart (2024 NY Slip Op 05546)

People v Stewart

2024 NY Slip Op 05546

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Ind. No. 3464/17 Appeal No. 3007 Case No. 2020-01800 

[*1]The People of the State of New York, Respondent,
v
Thurston Stewart, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Ronald Zapata of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J.), rendered January 6, 2020, convicting defendant, upon his pleas of guilty, of three counts of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to three concurrent prison terms of 12 years to life, unanimously modified, on the law, to vacate the sentence and to remand for further sentencing proceedings, and otherwise affirmed.
Defendant's sentencing as a persistent violent predicate felon based on his 2013 plea conviction was improper because that conviction was unconstitutionally obtained (see People v Konstantinides, 14 NY3d 1, 15 [2009]). During the allocution on defendant's 2013 plea to attempted burglary in the second degree, he asserted that, although he stole property from the subject dwelling, his intent at the time he unlawfully entered the premises was to tell its occupant to close the door. Because "the intent to commit a crime in the dwelling must be contemporaneous with the entry" under the burglary statute (People v Lewis, 5 NY3d 546, 548 n 1 [2005]; see People v Gaines, 74 NY2d 358, 362-363 [1989]), defendant's statement that he formed the requisite intent "only after [he] had entered . . . the [premises] unlawfully" negated an element of the crime to which he pleaded guilty (People v Rivera, 189 AD3d 551 [1st Dept 2020]). This statement triggered the court's duty to make further inquiry in order to ensure that defendant understood "the nature of the charge and that the plea [was] intelligently entered" (People v Lopez, 71 NY2d 662, 666 [1988]). The court failed to do so. To the extent that the court conducted a further inquiry, its questions did no more than establish that defendant stole property once he was inside the dwelling, without refuting his statement that he had not intended to steal the property at the time of entry, nor did defendant confirm that he wished to waive a defense on that basis (see e.g. People v Dozier, 227 AD3d 482, 482 [1st Dept 2024]; People v Muniz-Cayetano, 186 AD3d 1169, 1170-1172 [1st Dept 2020], lv denied 36 NY3d 1052 [2021]). On this record, "we cannot conclude that defendant's guilty plea was knowingly, voluntarily and intelligently made" (People v McCollum, 23 AD3d 199, 200 [1st Dept 2005]). Accordingly, since the requirements for enhanced sentencing have not been met, defendant's sentence as a persistent violent felony offender must be vacated (see People v Tilman, 114 AD2d 799, 801 [1st Dept 1985]).
Because the People met their burden of proving beyond a reasonable doubt the existence of defendant's separate violent felony conviction in 2005 (see CPL 400.21[7][a]), we remand the matter to Supreme Court for defendant to be resentenced as a second violent felony offender (see People v Moore, 228 AD3d 491, 493 [1st Dept 2024]).
In light of the foregoing, we need not reach the other arguments advanced by defendant.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT[*2], APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024