■ In the Matter of JAMES B., a Person Alleged to be a Juvenile Delinquent, Appellant. — In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Queens County (Corrado, J.), dated November 17, 1981, which, upon petition number D155/81, adjudicated appellant to be a juvenile delinquent upon a finding that he committed acts which, if done by an adult, would have constituted criminal possession of stolen property in the third degree, and placed him with the New York State Division for Youth, Title II, for a period of 18 months. Order reversed, on the law, fact-finding determination vacated and petition number D155/81 dismissed, without costs or disbursements. The residence of Lloyd Backus, was burglarized on December 18, 1980 and January 6, 1981. On December 18 several items were taken, including the keys to Public School 52. When the second burglary occurred on January 6, appellant was apprehended inside, and the keys to Public School 52 were found on his person. Two juvenile delinquency petitions were filed against appellant. Petition number D151/81 charged him with unlawfully entering the Backus residence on January 6, 1981 and, among other things, possessing a leather case containing 13 keys. On petition number D151/81 appellant was found guilty of committing acts which, if done by an adult, would have constituted burglary in the third degree, petit larceny, possession of burglar's tools and criminal possession of stolen property in the third degree. The stolen property he possessed included the keys. Petition number D155/81 charged appellant with unlawfully entering the same residence on December 18, 1980 and removing property including, among other things, one leather case containing 13 keys, which the petition charged was recovered from appellant during a subsequent burglary. At the close of the fact-finding hearing on petition number D155/81 appellant was found guilty of committing acts which, if done by an adult, would have constituted criminal possession of stolen property in the third degree based upon his unlawful possession of the same keys. The remaining charges of burglary in the third degree, grand larceny in the second degree, criminal mischief in the third degree and criminal trespass in the second degree, were dismissed upon the ground that they were not proved beyond a reasonable doubt. The Corporation Counsel candidly acknowledges that appellant was twice convicted of the same statutory offense and concedes that the order under review must be reversed. Although the double jeopardy issue was not raised in the Family Court proceedings, it may be raised at any time during the appellate process (*People v Michael,* 48 NY2d 1, 6-7). The double jeopardy clause protects against a second prosecution for the same offense after conviction (*North Carolina v Pearce,* 395 US 711, 717), and is applicable to juvenile court proceedings (*Breed v Jones,* 421 US 519). In the case at bar, although two burglaries may have occurred, appellant could only be properly convicted once of acts constituting criminal possession of the keys. "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units" (*Brown v Ohio,* 432 US 161, 169). Thus, the order of disposition is reversed, the fact-finding determination is vacated and petition number D155/81 is dismissed. Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.