OPINION OF THE COURT
Simons, J.
This appeal questions whether petitioner can be twice prosecuted because of his unlawful possession of a weapon at different times and places during the six days he possessed it. We hold that unlawful possession is a continuing offense and that constitutional double jeopardy principles preclude the second prosecution.
The question arises from these facts.
On February 5, 1985, petitioner and his sister were involved in an altercation in a Bronx apartment during which petitioner fired shots at his sister with his .25 caliber pistol and then fled the scene. He was arrested six days later in New York County and at the time of his arrest, he possessed the same .25 caliber handgun he had used to assault his sister.
Because petitioner possessed the weapon in Bronx and New York Counties, both counties indicted him for criminal posses *150 sion of a weapon in the third degree (Penal Law § 265.02, [4] [possession of a loaded firearm outside one’s home or place of business]). The Bronx County indictment charged petitioner with possessing the handgun on February 5 and the New York County indictment charged him with possessing it on February 11. Petitioner pleaded guilty to attempted criminal possession of a weapon in the second degree, in full satisfaction of all charges set forth in the Bronx County indictment, and was sentenced to a 2Vi- to 5-year prison term.*
After pleading guilty, petitioner moved to dismiss the New York County indictment on State and Federal double jeopardy grounds. The motion was denied and petitioner instituted this article 78 proceeding in the nature of prohibition seeking an order barring New York County from prosecuting him on the weapons possession charge on the same double jeopardy grounds (see, Matter of Di Lorenzo v Murtagh, 36 NY2d 306, 309; Matter of Kraemer v County Ct., 6 NY2d 363; Matter of De Canzio v Kennedy, 67 AD2d 111, 113, lv denied 47 NY2d 709). The Appellate Division dismissed the petition, without opinion, and petitioner appeals to this court as of right on constitutional grounds (CPLR 5601 [b] [1]). We now reverse.
The double jeopardy clauses of the State and Federal Constitutions protect an accused against a second prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense (US Const 5th, 14th Amends; NY Const, art I, § 6; North Carolina v Pearce, 395 US 711, 717). When successive prosecutions are involved, the guarantee serves "a constitutional policy of finality for the defendant’s benefit” (United States v Jorn, 400 US 470, 479 [plurality opn]) and protects the accused from attempts to secure additional punishment after a prior conviction and sentence (see, Green v United States, 355 US 184, 187-188).
In this case, jeopardy attached on the criminal possession charge set forth in the Bronx County indictment when the Bronx County criminal action terminated in a conviction by a guilty plea (see, Brown v Ohio, 432 US 161; United States v Hecht, 638 F2d 651, 657; United States v Jerry, 487 F2d 600, 606; see also, Bellacosa, Practice Commentary, McKinney’s *151 Cons Laws of NY, Book 11 A, CPL 40.30, p 278). The question presented, therefore, is whether the New York County indictment charging petitioner with unlawful possession of the same handgun on February 11, seeks to punish petitioner for the offense for which he had already been convicted under the Bronx County indictment.
The Supreme Court’s decision in Brown v Ohio (432 US 161, supra) provides the answer. In Brown, the petitioner stole an automobile in Cuyahoga County, Ohio, and was apprehended while driving it nine days later in Wickliffe, Ohio. The Wickliffe authorities charged him with joyriding and Cuyahoga County subsequently indicted him for the crimes of stealing a motor vehicle and joyriding. Brown pleaded guilty to the Wickliffe charges and then sought dismissal of the Cuyahoga County indictment on double jeopardy grounds. The Supreme Court construed the Wickliffe and Cuyahoga County charges as involving the same continuing offense and accordingly ruled that double jeopardy principles barred the later Cuyahoga County prosecution. Justice Powell, speaking for the court, observed that "[t]he Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units” (id., at p 169; accord, Matter of James B., 92 AD2d 937; see also, In re Snow, 120 US 274). As another court noted, were the rule otherwise, the defendant before it would be subject to more than 1,100 charges of unlawful possession and imprisonment for the rest of his life (see, United States v Jones, 533 F2d 1387, 1390-1392, cert denied 431 US 964 [defendant’s three-year possession of a weapon was a continuing course of conduct which could only support one prosecution]). The Brown rationale applies here: indeed, the facts of this case are even stronger for in Brown there was a question of whether the Cuyahoga theft charges involved the "same statutory offense” as the Wickliffe joyriding charges. In the present proceeding, the Bronx and New York County indictments expressly charged petitioner with the same statutory offense — criminal possession of a weapon in the third degree.
Distinctions may be possible, for example, when a defendant abandons a weapon during the relevant time period and subsequently recovers it (see, Matter of Pemberton v Turner, 124 AD2d 338, appeal dismissed 69 NY2d 822; and cf. United States v Hairrell, 521 F2d 1264, cert denied 423 US 1035). The claim of continuous possession, which is the sine qua non of *152 defendant’s claim, is easily rebuttable in such cases and if rebutted, requires denial of a defense motion to dismiss or dismissal of a collateral proceeding attacking the prosecution. The record of this case, however, makes it clear that petitioner continuously "possessed” the pistol for the six-day period in question, notwithstanding that he may not have had it on his person at all times a comparison with the Brown case is again instructive. The defendant in Brown undoubtedly did not operate the stolen vehicle continuously for nine days (see, Brown v Ohio, supra, at pp 171-172 [Blackmun, J., dissenting]), but because joyriding constituted "keeping” (i.e., possessing) as well as "operating” an automobile, the Supreme Court ruled that Brown’s theft (acquiring possession) and retention (keeping possession) of the vehicle entailed a continuing offense which could only support one prosecution. Petitioner’s six-day possession of the handgun similarly involved "an offense continuous in its character” (Blockburger v United States, 284 US 299, 302; see, United States v Jones, supra, at p 1391 ["(p)ossession is a course of conduct, not an act”]) and the proscription against multiple prosecutions for continuing crimes bars New York County’s prosecution of petitioner.
Respondent contends that petitioner’s possession did not involve a continuing offense because he may have possessed a loaded firearm in his "home or place of business” during the relevant time period (see, Penal Law § 265.02 [4] [emphasis added]). Even if petitioner had taken the pistol home sometime between February 5 and February 11, however, his conduct would not have interrupted the continuing nature of petitioner’s illegal possession. Possessing a firearm at one’s home or place of business constitutes criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), a lesser included offense of criminal possession of a weapon in the third degree, and constitutes the same crime for double jeopardy purposes (see, Brown v Ohio, supra, at pp 167-168).
The question is essentially one of statutory construction. The Legislature is free to define criminal conduct in terms of "temporal units” (Brown v Ohio, supra, at p 169, n 8; United States v Jones, 533 F2d 1387, 1390, supra) and has done so in some statutes (see, e.g, ECL 71-4001 [b]). It has not done so, however, with respect to possessory crimes but rather has defined criminal possession in terms of "dominion” and "control” (Penal Law § 10.00 [8]). We conclude, therefore, that petitioner was engaged in an offense which was continuous in nature, and for which he may be prosecuted only once.
*153 Accordingly, the judgment should be reversed, the petition granted and New York County indictment number 1070/85 dismissed.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Judgment reversed, without costs, petition granted and New York County indictment Number 1070/85 dismissed.

The Bronx County indictment also charged petitioner with criminal possession of a weapon in the second degree (Penal Law § 265.03), reckless endangerment in the first degree (Penal Law § 120.25), assault in the third degree (Penal Law § 120.00 [1]) and assault in the second degree (Penal Law § 120.05 [6]).