# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

970

KA 13-01050

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ERIC J. GARDNER, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY LEIGH HALLENBECK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered August 12, 2013. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a weapon in the second degree, and dismissing the third count of the indictment, and as modified the judgment is affirmed.

Memorandum: Defendant was convicted, following a jury trial, of reckless endangerment in the first degree (Penal Law § 120.25) and criminal possession of a weapon in the second degree (§ 265.03 [3]). The charges arose from an incident in which defendant discharged a firearm into the bedroom window of an occupied, residential home in Oswego County during the early morning hours of March 5, 2012. Defendant was apprehended by the police later that day at a motel in Onondaga County, where a handgun was found in his vehicle. Prior to his trial in Oswego County Court, defendant was charged with and pleaded guilty to, in Onondaga County Court, criminal possession of a weapon in the second degree for the handgun recovered from his vehicle. Defendant contends that his prosecution for criminal possession of a weapon in Oswego County was barred by the protection against double jeopardy set forth in the United States Constitution and CPL 40.20. We agree, in part, and we therefore modify the judgment accordingly.

As a preliminary matter, we note that, despite defendant's invocation of both federal constitutional and state statutory grounds, his double jeopardy contention on appeal is based solely on the Federal Constitution inasmuch as he alleges only that he was punished twice for the same offense, rather than that he was "prosecuted for

two offenses based upon the same act or criminal transaction" (CPL 40.20 [2]).  We therefore address only the federal constitutional ground.  Moreover, although defendant failed to preserve that ground for our review, we further note that a constitutional double jeopardy claim may be raised for the first time on appeal (*see People v Biggs*, 1 NY3d 225, 231; *People v Buffin*, 244 AD2d 925, 925, *lv denied* 91 NY2d 924).

It is well settled that a defendant has "the right not to be punished more than once for the same crime" (*People v Williams*, 14 NY3d 198, 214, *cert denied* 562 US 947, citing *United States v DiFrancesco*, 449 US 117, 129).  "When successive prosecutions are involved, the guarantee serves a constitutional policy of finality for the defendant's benefit . . . and protects the accused from attempts to secure additional punishment after a prior conviction and sentence" (*Matter of Johnson v Morgenthau*, 69 NY2d 148, 150 [internal quotation marks omitted]).  This case presents a prototypical instance of a constitutional double jeopardy violation inasmuch as defendant was prosecuted and convicted of a crime in Oswego County to which he had pleaded guilty in Onondaga County.  In both instances, the charge was the same:  criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3).

We reject the People's contention that double jeopardy did not attach because defendant was convicted in Oswego County before he was sentenced on his guilty plea in Onondaga County.  "[T]ermination of a criminal action by entry of a guilty plea constitutes a previous prosecution for double jeopardy purposes" (*People v Searcy*, 2 AD3d 1395, 1397 [internal quotation marks omitted]; *see Morgenthau*, 69 NY2d at 150-151).  We have examined the People's remaining contention in support of affirming the judgment, and we conclude that it is without merit.

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that his conviction of reckless endangerment is against the weight of the evidence with respect to the element of intent (*see generally People v Bleakley*, 69 NY2d 490, 495).  We reject defendant's further contention that the court erred in denying his speedy trial motion.  As part of his request for a preplea investigation, defendant agreed that the resulting accrual of time would not be charged to the People for speedy trial purposes (*see People v Wilcox*, 295 AD2d 914, 915, *lv denied* 98 NY2d 703).  The time period not encompassed by that waiver totaled less than the six months permitted by CPL 30.30 (1) (a).  Finally, contrary to defendant's remaining contention, his sentence is not unduly harsh and severe.

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court