People v Freeman (2022 NY Slip Op 03829)

People v Freeman

2022 NY Slip Op 03829

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

353 KA 14-02137

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QUEST FREEMAN, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 14, 2012. The judgment convicted defendant upon a jury verdict of attempted robbery in the first degree and assault in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]) and assault in the second degree (§ 120.05 [2]), defendant contends that he was denied a fair trial based on the People's failure to provide the report from testing DNA evidence in a timely manner (see CPL former 240.20 [1] [c]). We reject defendant's contention. As we noted in his codefendant's appeal, Supreme Court "advised the jury of the contents of the report," which was admitted in evidence (People v Cooper, 134 AD3d 1583, 1585 [4th Dept 2015]). We conclude that "the People's violation of their obligation did not substantially prejudice defendant" (id.; see People v Watson, 213 AD2d 996, 997 [4th Dept 1995], lv denied 86 NY2d 804 [1995]).
Contrary to defendant's contention, the court did not abuse its discretion in refusing to give a missing witness charge with respect to the victim. Although the victim was in the courtroom, he refused to testify. Therefore, the victim was "unavailable within the meaning of the [missing witness] rule," and the request for a missing witness charge was properly denied (Cooper, 134 AD3d at 1584 [internal quotation marks omitted]; see generally People v Savinon, 100 NY2d 192, 198 [2003]).
Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation, but we note that he failed to object to any of the comments he now raises on appeal, and thus his contention is not preserved for our review (see People v Smith, 150 AD3d 1664, 1666 [4th Dept 2017], lv denied 30 NY3d 953 [2017]). In any event, defendant's contention is without merit. We conclude that any improper remarks made by the prosecutor did not deny defendant a fair trial (see id. at 1666-1667). We further conclude that for that reason defendant "was not denied effective assistance of counsel based upon defense counsel's failure to object to those remarks" (Cooper, 134 AD3d at 1586; see People v Collins, 167 AD3d 1493, 1497-1498 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; Smith, 150 AD3d at 1667). Similarly, "[w]ith respect to the failure of defense counsel to obtain expert testimony regarding eyewitness identification," we conclude that defendant "has failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcoming[]" (Cooper, 134 AD3d at 1586 [internal quotation marks omitted]; see People v Stanley, 108 AD3d 1129, 1130-1131 [4th Dept 2013], lv denied 22 NY3d 959 [2013]).
Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude [*2]that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). To the extent that the eyewitness's testimony was inconsistent with her initial statement to police officers, "any inconsistencies merely presented issues of credibility for the jury to resolve" (People v Withrow, 170 AD3d 1578, 1579 [4th Dept 2019], lv denied 34 NY3d 940 [2019], reconsideration denied 34 NY3d 1020 [2019]), and we see no reason to disturb its determinations here. The eyewitness "never wavered in her testimony regarding the events or her identification of defendant" (Cooper, 134 AD3d at 1585 [internal quotation marks omitted]).
Finally, as defendant contends, and the People correctly concede, the court erred in failing to determine on the record whether defendant should be afforded youthful offender status. Because defendant was convicted of an armed felony offense (see CPL 1.20 [41]; Penal Law § 70.02 [1] [b]), the court was required to determine whether he was an eligible youth pursuant to CPL 720.10 (3) (see People v Middlebrooks, 25 NY3d 516, 527 [2015]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record a determination whether defendant is an eligible youth within the meaning of CPL 720.10 (3) and, if so, whether defendant should be afforded youthful offender status (see People v Williams, 185 AD3d 1456, 1457 [4th Dept 2020]). 
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court