People v Hanes (2023 NY Slip Op 03997)

People v Hanes

2023 NY Slip Op 03997

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

282 KA 19-01783

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RICHARD D. HANES, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered August 28, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) in connection with the death of a man who was found badly beaten inside his room at a rooming house. We reject defendant's contention that the verdict is against the weight of the evidence. Several witnesses testified that they heard a commotion inside the victim's room in the late evening and then saw a man climbing out through the victim's window. The witnesses, who were familiar with defendant, did not identify that man as defendant, and some even believed that the man was the victim. Other evidence, however, pointed to defendant as the perpetrator. Witness testimony, video surveillance, and defendant's own statement to the police established that he was on his bicycle outside the house talking to some of the witnesses approximately 10 minutes before the murder. Although defendant denied ever talking to or texting with the victim by cell phone, cell phone records showed that the victim and defendant were exchanging texts just prior to the murder regarding a debt owed to the victim and a possible drug transaction. The final text from defendant stated "here." Those text messages had been deleted from defendant's cell phone. A swab from a blood smear taken from defendant's bathroom showed a DNA mixture profile to which the victim was a possible contributor. DNA testing of a baseball cap found outside the rooming house, directly underneath the window to the victim's room, showed that defendant was the major contributor to the mixture of two DNA profiles. In addition, DNA testing of a blood sample taken from the left handlebar of defendant's bicycle showed that the victim was the major contributor to the two-donor mixture profile.
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that an acquittal would not have been unreasonable, particularly in light of the testimony of several witnesses that the man observed climbing out of the victim's window and fleeing did not appear to be defendant (see generally People v Romero, 7 NY3d 633, 643-644 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). We nonetheless conclude that the jury did not fail to give the evidence the weight it should be accorded (see generally Romero, 7 NY3d at 643-644; Bleakley, 69 NY2d at 495). " 'Great deference is to be accorded to the fact-finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (People v Gritzke, 292 AD2d 805, 805-806 [4th Dept 2002], lv denied 98 NY2d 697 [2002]; see People v Holmes, 37 AD3d 1042, 1043 [4th Dept 2007], lv denied 8 NY3d 986 [2007]), and we perceive no reason to disturb the jury's credibility determinations here.
Defendant next contends that reversal is required because of a Brady violation, i.e., the People's failure to turn over a latent fingerprint report that excluded defendant as the source of the only usable prints recovered from the victim's room. The report was referenced by a police witness during his testimony and was then turned over to the prosecutor and defense counsel. In order to establish a Brady violation, defendant must establish that "(1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v McGhee, 36 NY3d 1063, 1064-1065 [2021] [internal quotation marks omitted]; see People v Garrett, 23 NY3d 878, 885 [2014], rearg denied 25 NY3d 1215 [2015]; People v Fuentes, 12 NY3d 259, 263 [2009], rearg denied 13 NY3d 766 [2009]).
Even, assuming, arguendo, that defendant preserved his arguments and met his burden with respect to the first two elements of the test, we conclude that County Court properly denied defendant's motion for a mistrial because defendant failed to establish that the evidence was material. "[W]here a defendant makes a specific request for a document, the materiality element is established provided there exists a 'reasonable possibility' that it would have changed the result of the proceedings . . . Where . . . the defense did not specifically request the information, the test of materiality is whether 'there is a reasonable probability that had it been disclosed to the defense, the result would have been different—i.e., a probability sufficient to undermine the court's confidence in the outcome of the trial' " (Garrett, 23 NY3d at 891; see People v Giuca, 33 NY3d 462, 473-474 [2019]).
We conclude that there is neither a reasonable probability nor a reasonable possibility that, had the report been disclosed to the defense earlier, it would have changed the result of the trial (see People v Smith, 138 AD3d 1418, 1419-1420 [4th Dept 2016], lv denied 28 NY3d 937 [2016]; People v Reed, 115 AD3d 1334, 1335 [4th Dept 2014], lv denied 23 NY3d 1024 [2014]). Moreover, defendant was able to use the report to cross-examine the police witness, and thus he was not prejudiced by the delayed disclosure (see People v Cortijo, 70 NY2d 868, 870 [1987]; People v Smith, 195 AD3d 1416, 1416-1417 [4th Dept 2021], lv denied 37 NY3d 995 [2021]). Contrary to defendant's further contention, the court did not abuse its discretion in denying his request for an adjournment to hire an expert to review the report (see People v Rogers, 103 AD3d 1150, 1151-1152 [4th Dept 2013], lv denied 21 NY3d 946 [2013]; see generally People v Diggins, 11 NY3d 518, 524 [2008]).
Defendant failed to preserve for our review his contention that prosecutorial misconduct during summation deprived him of a fair trial (see People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]). In any event, defendant's contention is without merit. Some of the allegedly improper remarks constituted "fair comment on the evidence and the reasonable inferences to be drawn from that evidence" (People v Anderson, 29 NY3d 69, 73 [2017], rearg denied 29 NY3d 1074 [2017], cert denied — US &mdash, 138 S Ct 457 [2017]; see People v Page, 105 AD3d 1380, 1382 [4th Dept 2013], lv denied 23 NY3d 1023 [2014]). We agree with defendant that the prosecutor improperly speculated on why the baseball cap that was found did not have blood on it by discussing blood splatter patterning, a topic that generally calls for expert testimony (see e.g. People v Lewis, 199 AD3d 1441, 1442 [4th Dept 2021], lv denied 38 NY3d 1034 [2022], cert denied — US &mdash, 143 S Ct 262 [2022]; People v Murray, 147 AD2d 925, 925 [4th Dept 1989], lv denied 73 NY2d 1019 [1989]). We further agree with defendant that it was improper for the prosecutor to characterize certain witnesses as liars (see People v Miller, 174 AD2d 901, 903 [3d Dept 1991]; People v Stewart, 92 AD2d 226, 230 [2d Dept 1983]; see also People v Walker, 119 AD3d 1402, 1404 [4th Dept 2014]). We conclude, however, that those improper remarks by the prosecutor were not so pervasive or egregious as to deny defendant a fair trial (see Freeman, 206 AD3d at 1695; People v Wilson, 197 AD3d 962, 963 [4th Dept 2021], lv denied 37 NY3d 1100 [2021]).
Defendant next contends that he received ineffective assistance of counsel. To the extent that defendant objects to defense counsel's abandonment of a third-party culpability defense, that contention is "based upon matters outside the record . . . and must be pursued by way of a motion pursuant to CPL article 440" (People v Jackson, 153 AD3d 1605, 1606 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]). Inasmuch as we conclude that defendant was not denied a fair trial by prosecutorial misconduct on summation, defendant was not denied effective assistance of counsel by defense counsel's failure to object to the allegedly improper remarks (see Freeman, 206 AD3d at 1695; People v Rath, 192 AD3d 1600, 1601 [4th Dept 2021], lv denied 37 NY3d [*2]959 [2021]). In addition, the evidence at trial was not entirely circumstantial, and thus defense counsel was not ineffective for failing to request a circumstantial evidence charge to the jury (see People v Lawrence, 192 AD3d 1686, 1688 [4th Dept 2021]; People v Harris, 147 AD3d 1328, 1330 [4th Dept 2017]; People v Smith, 145 AD3d 1628, 1630-1631 [4th Dept 2016], lv denied 31 NY3d 1017 [2018]). Defendant's remaining claim of ineffective assistance of counsel is without merit. Upon viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant failed to preserve for our review his contention that the court, after a Batson objection was raised by defendant, failed to inquire about and ensure that the prosecutor's investigation of prospective jurors was not racially motivated (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant's contention that the court considered an improper factor when imposing the sentence is not preserved for our review (see People v Colome-Rodriguez, 120 AD3d 1525, 1525-1526 [4th Dept 2014], lv denied 25 NY3d 1161 [2015]) and, in any event, is without merit (see People v Chrisostome, 167 AD3d 644, 645 [2d Dept 2018], lv denied 32 NY3d 1202 [2019]). The sentence is not unduly harsh or severe.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court