People v Hills (2025 NY Slip Op 00560)

People v Hills

2025 NY Slip Op 00560

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, NOWAK, AND HANNAH, JJ.

839 KA 18-01707

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LANDROUS HILLS, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
LANDROUS HILLS, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered April 20, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a weapon in the second degree under count 3 of the indictment and dismissing that count and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment entered following a joint jury trial with a codefendant convicting defendant of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]) related to a drive-by shooting that resulted in the death of one person (see People v Richardson, 206 AD3d 1590, 1591 [4th Dept 2022], lv denied 38 NY3d 1153 [2022]). Defendant contends in his pro se supplemental brief that the conviction is not supported by legally sufficient evidence and in his main brief that the verdict is against the weight of the evidence. As a preliminary matter, defendant failed to preserve for our review his pro se challenge to the sufficiency of the evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Inasmuch as we find the trial evidence to be legally sufficient, we need not consider defendant's contention in his pro se supplemental brief that the indictment was not based on legally sufficient evidence before the grand jury (see CPL 210.30 [6]; People v Thomas, 173 AD3d 1845, 1846 [4th Dept 2019]; People v Figueroa, 156 AD3d 1348, 1349-1350 [4th Dept 2017], lv denied 31 NY3d 1013 [2018]), and we reject defendant's additional contention in his pro se supplemental brief that defense counsel was ineffective in failing to make a specific motion for a trial order of dismissal inasmuch as "a specific motion would have had little or no chance of success" (People v Myers, 87 AD3d 826, 829 [4th Dept 2011], lv denied 17 NY3d 954 [2011]; see People v Miller, 81 AD3d 1282, 1283 [4th Dept 2011], lv denied 16 NY3d 861 [2011]; see generally People v Caban, 5 NY3d 143, 152 [2005]).
We nevertheless agree with the contention of defendant in his main brief that his prosecution for criminal possession of a weapon in the second degree under count 3 of the [*2]indictment (Penal Law § 265.03 [3]) is barred by the double jeopardy clauses of the federal and state constitutions (US Const, 5th Amend; NY Const, art I, § 6). Although defendant failed to preserve that contention for our review, "a constitutional double jeopardy claim may be raised for the first time on appeal" (People v Gardner, 132 AD3d 1349, 1350 [4th Dept 2015]; see generally People v Biggs, 1 NY3d 225, 231 [2003]). It is undisputed that approximately two weeks after the homicide, and while the police were still investigating the homicide, defendant was found in possession of a .44 caliber revolver. He was convicted of criminal possession of a weapon in the second degree (§ 265.03 [3]) as a result of that possession. With respect to this case, the People have alleged in their bill of particulars, their Molineux application, their trial arguments, and their brief on appeal that the gun defendant possessed two weeks after the homicide was the same weapon as the one that was used in the homicide.
Because defendant was also convicted in a different proceeding "to possessing the same gun" that was allegedly used in the homicide, and "[t]here was no evidence offered at trial to show that the defendant's possession of the gun was not continuous" between the date of the homicide and the later date that gave rise to the conviction in a different proceeding (People v Wright, 160 AD3d 667, 668 [2d Dept 2018], lv denied 31 NY3d 1154 [2018], reconsideration denied 32 NY3d 1069 [2018]), we conclude that defendant's possession of that weapon was continuous from the date of the murder, i.e., the product of one continuous impulse and not "successive and distinguishable impulses" (People v Okafore, 72 NY2d 81, 87 [1988]; see also Matter of Johnson v Morgenthau, 69 NY2d 148, 151-152 [1987]). As a result, defendant's subsequent prosecution for the same offense is barred. We therefore modify the judgment by reversing that part convicting him of criminal possession of a weapon in the second degree under count 3 of the indictment (Penal Law § 265.03 [3]) and dismissing that count of the indictment (see Gardner, 132 AD3d at 1350).
Defendant further contends in his main brief that County Court erred in permitting the People to introduce certain Molineux evidence. We agree with defendant that his "pretrial objection to the People's Molineux motion . . . was sufficient to preserve for appellate review his contention that [the court] improperly admitted" that evidence (People v Bonich, 208 AD3d 679, 679 [2d Dept 2022], lv denied 39 NY3d 939 [2022]; see generally People v Finch, 23 NY3d 408, 413 [2014]). With respect to the merits, however, we conclude that evidence that defendant had sold drugs to a witness was necessary background evidence, which was introduced to explain how and why the witness loaned defendant her vehicle hours before the shooting and saw him driving the vehicle shortly after the shooting (see People v Resto, 147 AD3d 1331, 1332-1333 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]; People v Jackson, 100 AD3d 1258, 1261 [3d Dept 2012], lv denied 21 NY3d 1005 [2013], reconsideration denied 21 NY3d 1043 [2013]; People v Moore [appeal No. 2], 78 AD3d 1658, 1659 [4th Dept 2010]). The evidence at trial established that the witness's vehicle was the alleged vehicle used by defendant and a codefendant during the commission of the drive-by shooting and the same vehicle from which a mask containing a codefendant's DNA was recovered several weeks after the crime.
Even assuming, arguendo, that evidence of defendant's possession of the alleged murder weapon two weeks after the homicide is Molineux evidence (cf. People v Flowers, 166 AD3d 1492, 1494 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]), we conclude that the evidence was properly admitted inasmuch as it was directly relevant to the issue of identity of the perpetrators, and its probative value, in this joint trial, was much more probative than prejudicial (see People v Bean, 229 AD3d 1231, 1234 [4th Dept 2024], lv denied 42 NY3d 1018 [2024]; see generally People v Molineux, 168 NY 264, 291-294 [1901]). The codefendant's palm print was on the revolver, defendant was in possession of the revolver within weeks of the crime, and the revolver seized is consistent with the caliber and model of the firearm used in the homicide and corroborates statements made by defendant and the codefendant to a mutual acquaintance.
Defendant failed to preserve for our review his contention in his main brief that his right to remain silent was violated (see People v Rogers, 103 AD3d 1150, 1153 [4th Dept 2013], lv denied 21 NY3d 946 [2013]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also contends in his main brief that he was denied a fair trial by prosecutorial misconduct in summation. Most of defendant's challenges regarding prosecutorial misconduct are not preserved for our review (see People v Barber, 229 AD3d 1295, 1295 [4th Dept 2024], lv denied 42 NY3d 1018 [2024]; [*3]People v Watts, 218 AD3d 1171, 1174 [4th Dept 2023], lv denied 40 NY3d 1013 [2023]) and, in any event, any minor improprieties "were not so egregious as to deprive defendant of a fair trial" (People v Everson, 229 AD3d 1349, 1351 [4th Dept 2024]). Inasmuch as we conclude "that defendant was not denied a fair trial by prosecutorial misconduct on summation, defendant was not denied effective assistance of counsel by defense counsel's failure to object to the allegedly improper remarks" (People v Hanes, 218 AD3d 1175, 1178 [4th Dept 2023], lv denied 40 NY3d 1092 [2024]; see People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]).
We reject defendant's contention in his main brief that a photo array shown to a witness was unduly suggestive. Before showing the witness the photo array, a detective asked the witness to see if she recognized the person she knew as "Fat Boy," i.e., the man to whom she lent her car in exchange for drugs. The witness immediately recognized defendant. The detective did not tell the witness that "Fat Boy" was included in the array and did not require her to make any identification (see People v Weston, 83 AD3d 1511, 1511-1512 [4th Dept 2011], lv denied 17 NY3d 823 [2011]). Moreover, even if the detective had told the witness that the array included "Fat Boy," "advising a witness that a photograph of the suspect is included in the array is not fatal to the propriety of the procedure" (People v Floyd, 45 AD3d 1457, 1459 [4th Dept 2007], lv denied 10 NY3d 811 [2008] [internal quotation marks omitted]).
Finally, we reject defendant's challenges to the sentence as raised in his main brief. First, defendant's contention that the sentence penalized him for asserting his right to trial is not preserved (see People v Olds, 36 NY3d 1091, 1092 [2021]; People v Gilmore, 202 AD3d 1453, 1454 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]) and, in any event, lacks merit (see People v Angona, 119 AD3d 1406, 1409-1410 [4th Dept 2014], lv denied 25 NY3d 987 [2015]; see also People v Urbina, 291 AD2d 421, 421-422 [2d Dept 2002], lv denied 98 NY2d 656 [2002]). We finally conclude that the concurrent sentencing on the two remaining crimes is not unduly harsh or severe.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court