People v Dennis (2026 NY Slip Op 01876)

People v Dennis

2026 NY Slip Op 01876

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND
HANNAH, JJ.

49 KA 25-00147

[*1]THE PEOPLE OF THE STATE OF NEW YORK,
RESPONDENT,
vBRANDON DENNIS, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN
SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRIAN D. SEAMAN, DISTRICT ATTORNEY, LOCKPORT (LAURA T.
JORDAN OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court
in the Fourth Judicial Department, from an order of the Niagara County Court (John
James Ottaviano, J.), entered January 3, 2025. The order denied the motion of defendant
to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals, by permission of this Court, from an order that
denied without a hearing his motion pursuant to CPL 440.10 to vacate the judgment
convicting him upon a jury verdict of, inter alia, three counts each of murder in the
second degree (Penal Law § 125.25 [1], [3]) and robbery in the first degree (§
160.15 [2] - [4]). We previously modified the judgment of conviction (People v Dennis, 91 AD3d
1277 [4th Dept 2012], lv denied 19 NY3d 995 [2012]), and we now conclude
that County Court did not err in denying defendant's motion without conducting a
hearing.
Defendant failed to establish entitlement to a hearing on his CPL 440.10 motion
inasmuch as he failed to demonstrate that "the nonrecord facts sought to be established
are material and would entitle him . . . to relief" (People v
Streeter, 194 AD3d 1407, 1408 [4th Dept 2021], lv denied 37 NY3d 974
[2021], reconsideration denied 37 NY3d 1029 [2021] [internal quotation marks
omitted]; see People v
Kellum, 233 AD3d 1374, 1379 [3d Dept 2024], lv denied 44 NY3d 983
[2025]). Defendant moved to vacate the judgment on the ground that the People violated
their Brady obligation by failing to disclose that a prosecution witness had two
arrests pending at the time of his trial testimony and that the witness had a personal
relationship with an officer involved in the case. "To establish a Brady violation,
a defendant must show that (1) the evidence is favorable to the defendant because it is
either exculpatory or impeaching in nature; (2) the evidence was suppressed by the
prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Fuentes, 12 NY3d
259, 263 [2009], rearg denied 13 NY3d 766 [2009]; see People v Garrett, 23 NY3d
878, 885 [2014], rearg denied 25 NY3d 1215 [2015]). "[W]here a defendant
makes a specific request for a document, the materiality element is established provided
there exists a 'reasonable possibility' that it would have changed the result of the
proceeding. Absent a specific request by defendant for the document, materiality can only
be demonstrated by a showing that there is a 'reasonable probability' that it would have
changed the outcome of the proceedings" (Fuentes, 12 NY3d at 263; see People v Lorenzo, 230
AD3d 1564, 1566 [4th Dept 2024], lv denied 42 NY3d 1053 [2024]; People v Hanes, 218 AD3d
1175, 1177 [4th Dept 2023], lv denied 40 NY3d 1092 [2024]).
We agree with defendant that the information regarding the witness's arrests and his
relationship with the officer constituted Brady material (see People v Valentin, 1 AD3d
982, 982-983 [4th Dept 2003], lv denied 1 NY3d 602 [2004]). However,
even assuming, arguendo, that [*2]the information was
available to the People (see id. at 983), we conclude, under the circumstances of
this case, that defendant failed to establish materiality under Brady inasmuch as
there is neither a reasonable probability nor a reasonable possibility that, had the
information been disclosed to the defense, it would have changed the result of the trial
(see Hanes, 218 AD3d at 1177; People v Reed, 115 AD3d 1334, 1335 [4th Dept 2014],
lv denied 23 NY3d 1024 [2014]). Here, the verdict did not turn solely on the
witness's testimony. Other evidence, including other eyewitness testimony, DNA
evidence from the codefendant, and cell phone data, "established defendant's
responsibility for the shooting" (People v Smith, 138 AD3d 1418, 1420 [4th Dept 2016],
lv denied 28 NY3d 937 [2016]; see People v Boykins, 160 AD3d 1348, 1350 [4th Dept
2018], lv denied 31 NY3d 1145 [2018]).
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court