People v Speed
2026 NY Slip Op 03545
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CECILIA SPEED, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
276 KA 25-00332
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.), rendered November 12, 2024. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree.
[*1]
It is hereby ORDERED that the case is held, the decision is reserved, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of criminal possession of a weapon in the second degree (Penal Law
§ 265.03 [3]). The conviction arises from an incident wherein defendant fired a handgun at, among other things, a parked car. As defendant contends, and the People correctly concede, County Court erred in failing to determine whether defendant should be afforded youthful offender status (see People v Rudolph, 21 NY3d 497, 501 [2013]; People v Lester, 155 AD3d 1579, 1579 [4th Dept 2017], lv denied 32 NY3d 1206 [2019]). Defendant was 18 years old at the time of the offense and was convicted of an armed felony (see People v Meridy, 196 AD3d 1, 5-6 [4th Dept 2021], lv denied 37 NY3d 973 [2021]; see also CPL 1.20 [41]; Penal Law § 70.02 [1] [b]). The court was therefore required to determine whether she was an eligible youth pursuant to CPL 720.10 (3) (see People v Middlebrooks, 25 NY3d 516, 527 [2015]; People v Freeman, 206 AD3d 1694, 1696 [4th Dept 2022]). Because the court failed to make such a determination, we hold the case, reserve decision, and remit the matter to County Court to make and state for the record a determination whether defendant is an eligible youth within the meaning of CPL 720.10 (3) and, if so, whether defendant should be afforded youthful offender status (see Freeman, 206 AD3d at 1696).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court